In re SHANKER.

(District Court, M. D. Pennsylvania. July 7, 1905.)

No. 524.

BANKRUPTCY—DISCHARGE—HEARING—ATTENDANCE OF BANKRUPT.

Under Bankr. Act July 1, 1898, c. 541, § 7, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424], providing that the bankrupt shall attend the first meeting of his creditors if directed by the court or a judge thereof to do so, and the hearing on his application for a discharge if filed, the bankrupt's attendance before the referee on hearing of objections to his application for a discharge demanded by creditors cannot be dispensed with by the referee.

In Bankruptcy. On certificate from referee sur application of bankrupt for a discharge.

W. C. Kress and R. B. McCormick, for objecting creditors.

C. S. McCormick, for bankrupt.

ARCHBALD, District Judge. The bankrupt having applied for a discharge, and the case coming up for a hearing before the referee on objections thereto, the objecting creditors refused to proceed because the bankrupt was not in attendance. The referee, however, was of opinion that this was not necessary; and, not being convinced that any good would be accomplished by it (the bankrupt having been fully examined at the first meeting of creditors with ˜egard to the matters covered by the objections), and believing that advantage was merely being taken of the fact that the bankrupt had fled the country because of having to pay the costs in a criminal case, he declined to require it. To this the creditors except, and the case is now brought here for review.

Among the duties enjoined by the bankruptcy act on the bankrupt (section 7, Act July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]) is that he "shall attend the first meeting of his creditors, if directed by the court or a judge thereof to do so, and the hearing upon his application for a discharge, if filed." This apparently imposes upon him the absolute obligation to attend in the one instance, although not in the other, without an order; and, while there has been no express decision of the question, so far as I have been able to find, this is the accepted construction put upon it by the leading text-book writers upon the subject. Commenting upon this section of the act (this provision of it as well as others), it is said in Collier on Bankruptcy (5th Ed.) p. 103:

"Four things should be noted: (a) The bankrupt is not obliged to attend the first or any other meeting of creditors, unless ordered to do so; (b) if his home or usual place of business is more than one hundred and fifty miles from the place of meeting, he cannot be required to attend, save for cause shown; (c) if ordered to attend a meeting other than in the place of his residence, he is entitled to actual expenses out of the estate; and (d) that, none of these limitations seeming to apply to a hearing on a discharge, he must attend such a hearing wherever it is, and at his own expense, even though not ordered to do so."

So in Loveland on Bankruptcy (2d Ed.) § 212, it is said:

"It is the duty of the bankrupt to attend the hearing upon his application for a discharge, if filed, without an order of court, or service of notice or process. He cannot object to attending on account of the distance, where the hearing is at the recognized place of holding court."

While in Brandenburg on Bankruptcy (3d Ed.) § 210, this is assumed to be the effect of the statute, although there is no express deliverance with regard to it; it being observed that, where the bankrupt is dead, so that "it is impossible to comply with the requirement as to his personal attendance" at the hearing on his application for a discharge, the court or the referee may proceed notwithstanding his absence. The construction which is so adopted by these several authors is the natural and obvious one, and it is difficult to see how to escape it. The opposite construction is based upon the assumption that the qualifying words, "if directed by the court or a judge thereof to do so," which appear in the clause in question, apply to the hearing on the application for a discharge, the same as to the first meeting of creditors. In re Parker, 1 Am. Bankr. Rep. 615, 618. But this is not the way it reads, nor

is it the grammatical connection; and, while it is not an impossible construction, it is not the logical nor the natural one. Neither is it consistent with the proviso at the end of the section, where, as already noted in the quotation from Collier, it is declared that the bankrupt "shall not be required to attend a meeting of his creditors, or at or for an examination at a place more than one hundred and fifty miles distant from his home or principal place of business, or to examine claims except when presented to him" (all of which duties are enjoined upon him in the preceding part of the section), "unless ordered by the court or a judge thereof, for cause shown;" in which connection it is further provided, that "the bankrupt shall be paid his actual expenses from the estate when examined or required to attend at any place other than the city, town or village of his residence." No mention is here made of the hearing on an application for a discharge, although previously spoken of at the head of the section, and it certainly is not included in anything which is otherwise referred to. Such a hearing is not a meeting of creditors; nor is it essentially an examination of the bankrupt, although it may result in that. It is simply the occasion assigned for the trial of the issues raised by the exceptions to his discharge, in which, unlike the other proceedings subsequent to an adjudication, the bankrupt is an immediate and interested party. As such it is no hardship upon him to require that he shall be on hand to meet any demand in the way of evidence that may be made upon him, and it would be contrary to all rule if his attendance could only be procured by express order, for cause shown, at the expense of the estate (which in many cases, as here, would mean at the expense of creditors), where such hearing was not at the place of his residence. It is true that the testimony of the bankrupt taken at the first meeting of creditors may be used against him; but at that early stage in the proceedings the issues are not well defined, and the examination is more to secure information to be used in administering the estate than for the purpose of deciding anything. Neither are creditors confined to what is there elicited; while the separation of that which is relevant from that which is not, by a new examination, is likely to aid materially in the correct disposition of the questions raised. It may be, in the present instance, as intimated by the referee, that captious advantage is being taken of the absence of the bankrupt; but, if the parties are within their rights, we cannot go into motives. Neither can we say for a certainty that a further examination of the bankrupt will serve no purpose. The creditors call for it, and, as I read the law, they cannot be denied. If hardship seems to result, it is to be remembered that a discharge of the bankrupt from his debts is a large privilege, and, while it cannot be refused, where the law has been complied with, except upon the grounds there mentioned, yet the steps leading up to it must be followed before it can be claimed of right.

It follows that the bankrupt must attend before the referee at the further hearing upon his application for a discharge, on being given opportunity therefor, and that upon his failure to do so, the application must be dismissed. And it is so ordered.