276

Louis F. Huttenlocher, of New York City, for petitioning debtor.

Cohen, Cole, Weiss & Wharton, of New York City (Sidney A. Wolff, of New York City, of counsel), for R. H. McMann, Inc., objecting creditor.

MOSCOWITZ, District Judge.

This is a voluntary bankruptcy proceeding. At the time the bankrupt petitioned that he be adjudicated a bankrupt, he stated his residence to be in California, but that for the greater portion of six months immediately preceding the filing of the petition he had resided within the Eastern district of New York. This court, therefore, had jurisdiction to adjudge the petitioner a bankrupt.

The bankrupt now petitions for his discharge. One of his creditors has appeared and demands an examination of the bankrupt for the purpose of framing specifications of objection. The bankrupt contends that he is not required to attend at or for an examination at a place more than 150 miles distant from his home or principal place of business unless ordered by the court or a Judge thereof for cause shown, and if so ordered he must be paid his actual expenses from the estate. The alleged authority for bankrupt's contention is the last clause of section 7 of the Bankruptcy Act.

Section 7 (1) of the Bankruptcy Act, 11 USCA § 25(1), states:

"The bankrupt shall (1) attend the first meeting of his creditors, if directed by the court or a judge thereof to do so, and the hearing upon his application for a discharge, if filed."

The latter part of this section, upon which the bankrupt relies, states:

"He shall not be required to attend a meeting of his creditors, or at or for an examination at a place more than one hundred and fifty miles distant from his home or principal place of business, or to examine claims except when presented to him, unless ordered by the court, or a judge thereof, for cause shown, and the bankrupt shall be paid his actual expenses from the estate when examined or required to attend at any place other than the city, town, or village of his residence."

The question to be decided is whether this provision at the end of the section is applicable to a hearing on the application filed by the bankrupt for a discharge from his debts. There has been no express decision on the question, although it has been referred to in the dicta of comparatively few decisions and by leading text-book authorities. Remington on Bankruptcy (3d Ed.) vol. 5, § 2037, p. 73, in discussing the duties of a bankrupt under section 7 of the act, says:

"A bankrupt is not entitled to any fees or compensation for attending the court for examination, except that 'he shall be paid his actual expenses from the estate when examined or required to attend at any place other than the city, town or village of his residence;' although this provision for reimbursement would not extend to his attendance upon the hearings upon his application for discharge."

It is also stated in Loveland on Bankruptcy (2d Ed.) § 212:

"It is the duty of the bankrupt to attend the hearing upon his application for a dis-

charge, if filed, without an order of court, or service of notice or process. He cannot object to attending on account of the distance, where the hearing is at the recognized place of holding court."

Collier on Bankruptcy (13th Ed.) p. 351, states:

"Four things should be noted: (a) The bankrupt is not obliged to attend the first or any other meeting of creditors, unless ordered to do so; (b) if his home or usual place of business is more than one hundred and fifty miles from the place of meeting, he cannot be required to attend, save for cause shown; (c) if ordered to attend a meeting other than in the place of his residence, he is entitled to actual expenses out of the estate; and (d) that, none of these limitations seeming to apply to a hearing on a discharge, he must attend such a hearing wherever it is, and at his own expense, even though not ordered to do so."

The objecting creditor also refers to the case of In re Shanker (D. C.) 138 F. 862, which inferentially refers to the question in point. The court in that case in commenting upon the duties of a bankrupt as related heretofore under section 7, states at page 863 of 138 F., that the section "apparently imposes upon him the absolute obligation to attend in the one instance, although not in the other, without an order." And at page 864 of 138 F., a specific interpretation of the clause relied upon by the bankrupt is made:

"No mention is here made of the hearing on an application for a discharge, although previously spoken of at the head of the section, and it certainly is not included in anything which is otherwise referred to. Such a hearing is not a meeting of creditors; nor is it essentially an examination of the bankrupt, although it may result in that. It is simply the occasion assigned for the trial of the issues raised by the exceptions to his discharge, in which, unlike the other proceedings subsequent to an adjudication, the bankrupt is an immediate and interested party. As such it is no hardship upon him to require that he shall be on hand to meet any demand in the way of evidence that may be made upon him, and it would be contrary to all rule if his attendance could only be procured by express order, for cause shown, at the expense of the estate (which in many cases, as here, would mean at the expense of creditors), where such hearing was not at the place of his residence. * * *

"It follows that the bankrupt must attend before the referee at the further hearing upon his application for a discharge, on being given opportunity therefor, and that upon his failure to do so, the application must be dismissed. And it is so ordered."

The propriety of this construction cannot be questioned when read in connection with rule 14 of the Bankruptcy Rules of this court, which provides:

"On the return day of the application for discharge or confirmation of a composition, the default of all creditors not appearing in opposition thereto shall be noted. If any appearance in opposition is filed, the bankrupt, who must be personally present, may be examined instanter, if desired, by the parties appearing."

It is manifest, therefore, that the text authorities and the court in the case of In re Shanker, supra, have suggested the salutary and logical interpretation of the clause in question.

The bankrupt has come within the jurisdiction of this court seeking its protection and the benefits of the bankruptcy statute. The requirements leading up to the relief petitioned for must be complied with before it can be granted. The bankrupt must submit to an examination if one is desired and make a full and complete disclosure of his business affairs to his creditors and to the court so that the court may be in a position to determine whether or not his petition for a discharge should or should not be granted. The court cannot permit a bankrupt to avoid compliance with the rules of this court and with the statute by a plea that the expenses to be incurred by him in connection with such compliance be paid by his creditors. The statute, logically construed, precludes such a plea.

Application for discharge denied unless the bankrupt submits to an examination within the time to be stated in the order to be entered herein.

Settle order on notice.