**In re Kandies L. RUST, Debtor.**

**Bankruptcy No. 379–01944.**

United States Bankruptcy Court,
M. D. Tennessee.

Dec. 14, 1979.

Jane W. Wheatcraft, Hendersonville, Tenn., for debtor.

Sam J. McAllester, III, Nashville, Tenn., interim trustee.

## MEMORANDUM

RUSSELL H. HIPPE, Jr., Bankruptcy Judge.

The meeting of creditors in this joint case was originally set by the court to be held at 9:00 A.M. on November 27, 1979. Mrs. Rust appeared; Mr. Rust did not. Pursuant to the court's local rules an order was entered requiring that Mr. Rust appear before the undersigned on December 11, 1979, to explain his failure to appear at the meeting. That order provided that if he did not appear at this hearing "without adequate excuse this case will be dismissed if no party in interest objects."

Mr. Rust failed to appear at the hearing. His attorney advised the court that the reason for his failure to appear both at the meeting and at the hearing was the fact that he was employed as a truck driver and on both occasions his employment required that he be away from Nashville. The attorney further advised the court that because of the irregularity of his driving schedule she could offer the court no assurance when Mr. Rust might be available for examination. Had Mr. Rust appeared at the hearing the court would have permitted him to proceed with the re-scheduled creditors' meeting following the hearing. The trustee was available to examine him having made a special trip to the courthouse for the purpose of examining those debtors who had not appeared when originally scheduled.

In construing the language in the Bankruptcy Act of 1898 and the Federal Rules of Bankruptcy Procedure requiring the attendance of bankrupts at first meeting of creditors this court has previously held that the term "shall attend" means just that and

that bankrupts should not be excused from appearing in person unless physically unable to do so because of illness or involuntary confinement. *In re Phelps*, 19 C.B.C. 517 (M.D.Tenn.1978) (B.J.). The instant case was filed under the new bankruptcy code but the provision in this new law is no less mandatory in this regard than that of the old act:

> The debtor *shall appear* and submit to examination under oath at the meeting of creditors under section 341(a) of this title. Creditors, any indentured trustee, or any trustee or examiner in the case may examine the debtor. (Emphasis added)

11 U.S.C. § 343 (1979).

Rule 402 of the Federal Rules of Bankruptcy Procedure continues to provide that "the bankrupt [now 'debtor'] *shall* (1) *attend* and submit to an examination at the first meeting [now simply 'meeting'] of creditors . . . ." (Emphasis added).

The record of the meeting prepared by the deputy clerk who presided indicates that no creditors had any desire to examine Mr. Rust and the trustee may be satisfied with the examination of his wife but the court nevertheless is not inclined to relieve this debtor of his obligation to at least put in an appearance at the meeting of creditors. The language in the statute is unambiguous and if the court were to create an exception in circumstances such as this it would render administration of this new law substantially more burdensome. If, for example, the court were to take the position that debtors may be excused from attending meetings of creditors where there is no creditor interest the practical result might very well be that debtors simply would not attend the meetings when originally scheduled in the hope that they might be relieved of this responsibility altogether. The inconvenience to creditors who do attend these meetings as scheduled and the potential administrative problems which might arise from substantial number of debtors failing to attend meetings as scheduled militates against the court excusing attendance at creditors' meetings, at least at this stage in the transition to this new law. Even though the trustee may not desire to ask this debtor any questions at this time, upon seeing the debtor he might change his mind. There have been cases where the physical appearance of a bankrupt at the first meeting of creditors has led the trustee on a course of inquiry which resulted in valuable assets being recovered for the estate.

Under the new bankruptcy code as well as the old act Congress obviously contemplated that as a condition of the very substantial relief it was making available that those seeking that relief appear in person in a public place at least once before being granted that relief. Courts from time to time refer to the discharge in bankruptcy as "absolution" from debts thereby indicating that a certain degree of public ritual is not inappropriate.

In this case the attorney for Mr. Rust has indicated that his driving schedule may be such that he may never be able to attend a meeting of creditors as scheduled by this court. Although the court is aware that if Mr. Rust were to attend the meeting of creditors no questions might be asked of him, it cannot excuse him from the minimal obligations imposed as a condition to the substantial relief available. In holding that *shall attend* in the old act meant just that one court observed:

> If hardship seems to result, it is to be remembered that a discharge of the bankrupt from his debts is a large privilege, and, while it cannot be refused, where the law has been complied with, except upon the grounds there mentioned, yet the steps leading up to it must be followed before it can be claimed of right.

*In re Shanker*, 138 F. 862, 864 (M.D.Pa. 1905).

An order will be entered dismissing this petition as to Mr. Rust without prejudice to his right to refile at such time as he is prepared to attend the creditors meeting when scheduled by the court.