**In re John Richard LEIES, Debtor.**

**Bankruptcy No. 87–04384–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 21, 1988.

Steven P. Shea, Islamorada, Fla., for debtor.

Lisette Reid, Staff Atty., Office of the Asst. U.S. Trustee, The Roth Trustee Corp., Miami, Fla.

## ORDER DENYING MOTION TO RESET § 341(a) MEETING AND MODIFYING ORDER OF DISMISSAL

A. JAY CRISTOL, Bankruptcy Judge.

This cause came on to be heard upon the motion of John Richard Leies to reschedule the first meeting of creditors based on transportation problems of the debtor. The motion was filed with the court on January 13, 1988. The first meeting of creditors had been held on January 11, 1988.

 In order for an honest debtor to obtain a fresh start, the only requirements of the present Bankruptcy Code, in most cases, are the filing of a properly completed petition and the attendance of the debtor at the first meeting of creditors as scheduled. In some cases, it is possible that additional obligations might arise, depending on circumstances. When the case is filed, the office of the Clerk goes to considerable trouble, expense and labor to schedule the first meeting of creditors and to provide notice thereof to all of the creditors. It is the duty and obligation of the attorney filing the petition to ascertain the time and place of the first meeting of creditors and to make certain that the attorney's client is aware thereof and attends. After the first meeting is set and notice is sent to all creditors, it is a major matter to reschedule it. If the first meeting takes place and the debtor does not attend, for any reason, there is further substantial inconvenience to the staff in the Clerk's office, to the creditors who have been noticed, to the trustee and to the Assistant U.S. Trustee. With the volume of cases being processed by the Bankruptcy Court, it is just not possible to grant motions excusing or rescheduling first meetings of creditors, except in the most extreme and unusual circumstances. The facts in this case do not meet that criteria.

Accordingly, it is ORDERED as follows:

1. The motion to reset § 341(a) meeting is denied.

2. The order entered in this case on January 13, 1988 dismissing this cause for failure to appear at § 341 meeting is modified to eliminate the portion of the order that dismisses the case with prejudice in order to permit the refiling of the case immediately upon filing of proper schedules and payment of appropriate filing fee.