**In re Phillip John SOCHIA, Debtor.**

**Bankruptcy No. 98–24688.**

United States Bankruptcy Court,
W.D. New York.

March 19, 1999.

Daniel C. Connors, Williamson, NY, for Debtor.

Trudy A. Nowak, Asst. U.S. Trustee, Rochester, NY, Office of the U.S. Trustee.

## DECISION & ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On December 16, 1998, Phillip John Sochia (the "Debtor") filed a petition initiating a Chapter 7 case. On the petition, the Debtor listed his address as the Wayne County Jail, and on the schedules and statements required to be filed by Section 521 and Rule 1007, the Debtor indicated that: (1) he

owned no real property; (2) his only personal property was two exempt bank accounts totaling $164.50 and exempt clothing which he valued at $500; (3) he had no secured creditors; (4) he owed the Internal Revenue Service $821.65 for 1996 income taxes[1]; (5) he owed the New York State Department of Labor $534 for 1997 unemployment overpayments; (6) he had creditors holding unsecured nonpriority claims totaling $16,805.70, which included a deficiency balance of $8,835.52 due on a repossessed automobile loan; (7) he was single with no dependents; (8) he had no current income because he was incarcerated; (9) there were no pending lawsuits, judgments, executions or garnishments against him; and (10) a third-party had paid his attorney a fee of $500 as well as the $175 bankruptcy filing fee.

On December 23, 1998, a Notice was sent to all creditors and the Debtor, at the Wayne County Jail, which indicated that a Section 341 Meeting of Creditors (the "Meeting of Creditors") would be conducted in his Chapter 7 case by the Debtor's "Trustee" on January 22, 1999. The Notice specifically stated that "the debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors." A Minute Report of the Meeting of Creditors, filed by the Trustee on January 29, 1999, indicated that: (1) the Debtor had not appeared at the Meeting; (2) the Debtor was not expected to be released from prison in the near future; (3) in the Trustee's opinion, no hardship to a non-debtor existed that would justify waiving the Debtor's appearance at a meeting of creditors; (4) his attorney had never met with the Debtor in person; and (5) it was the recom-

mendation of the Trustee that there should be an immediate motion to dismiss the Debtor's case.

On February 1, 1999, the Office of the United States Trustee (the "US Trustee") filed a motion (the "Dismissal Motion"), pursuant to Section 707(a),[2] that requested an order dismissing the Debtor's Chapter 7 case. The Motion alleged that: (1) the Debtor had failed to appear at the January 22, 1999 Meeting of Creditors; and (2) the failure to appear constituted cause under Section 707(a) to dismiss the case because, in the absence of an examination of the Debtor, the Trustee was unable to effectively administer the bankruptcy estate and determine if cause existed to raise an objection to the discharge of the Debtor pursuant to Section 727.

On February 26, 1999, the Debtor's attorney filed a Response to the Dismissal Motion which alleged that: (1) the Debtor failed to appear at the Meeting of Creditors because he was incarcerated in the Wayne County Jail; (2) prior to the Meeting, the Debtor's attorney had contacted the Trustee to request that he examine the Debtor by written interrogatories, but the Trustee had refused; (3) prior to the Meeting, the Debtor's attorney had requested that the Trustee examine the Debtor telephonically, which the Trustee advised was unacceptable to the U.S. Trustee; (4) even though the Debtor was incarcerated at the time of his filing, and had made no arrangements with the proper prison officials to insure that he could personally attend the Meeting of Creditors, as required by Section 343,[3] the Court, in its discretion, could waive the requirement that the Debtor personally appear at a meeting of creditors;

---

1. This tax debt would be excepted from discharge by Section 523(a)(1).

2. Section 707(a) provides that:

   (a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
   (1) unreasonable delay by the debtor that is prejudicial to creditors;
   (2) nonpayment of any fees or charges required under chapter 123 of title 28, and
   (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the in-

   formation required by paragraph (1) of section 521, but only a motion by the United States trustee.
   11 U.S.C. § 707(a) (1999).

3. Section 343 provides that:

   The debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title. Creditors, any indenture trustee, any trustee or examiner in the case, or the United States trustee may examine the debtor. The United States trustee may administer the oath required under this section.
   11 U.S.C. § 343 (1999).

(5) the Bankruptcy Court in *In re Vilt*, 56 B.R. 723 (Bankr.N.D.Ill.1986) (*"Vilt"*) had held that when a debtor is incarcerated the Court may permit the Trustee and creditors to question him telephonically or by written interrogatories; (6) since the Debtor could be questioned telephonically or by written interrogatories, there was not sufficient cause, as required by Section 707(a), to dismiss his case because of his failure to personally appear at the Meeting of Creditors; and (7) the Court should deny the Dismissal Motion and require the Trustee to conduct a meeting of creditors telephonically or by the use of written interrogatories.

At the March 3, 1999 return date of the Dismissal Motion, the U.S. Trustee argued that: (1) the schedules and statements which he filed indicated that the incarcerated and unemployed Debtor who had: (a) no nonexempt personal property; (b) no real property; (c) no lawsuits, judgments or executions against him; and (d) no dependents, did not have a sufficient need for relief under the Bankruptcy Code that would justify the U.S. Trustee or the Court waiving the specific requirement of Section 343 that he personally appear for an examination by his Trustee and his creditors; (2) the Bankruptcy Court for the Western District of New York, Rochester Division, had a specific written "Policy" which addressed the filing of petitions by inmates of correctional facilities; (3) this Policy made it clear that it was a prisoner's responsibility to make sure, before filing a bankruptcy petition, that the appropriate prison officials were willing to provide the necessary security and transportation to permit the prisoner, as required by Section 343, to personally attend a meeting of creditors; (4) the Policy further stated that the Court, as a matter of practice, would not issue writs of habeas corpus or "body orders," so that if a prisoner could not make arrangements with the appropriate prison officials for security and transportation, he or she should not file a petition until released from prison; (5) the Policy did, however, indicate that in extraordinary circumstances where a prisoner or his dependents demonstrated a sufficient need by the debtor for bankruptcy relief, the Court would consider an application to waive or modify: (a) established procedures regarding security and transportation; and (b) the requirement for an appearance at a meeting of creditors; and (6) in the past in appropriate circumstances, the U.S. Trustee had allowed telephonic examinations of debtors.

At the return date of the Dismissal Motion, the Debtor's attorney was unable to demonstrate why the Debtor: (1) had any immediate need for relief under the Bankruptcy Code; or (2) would be prejudiced if he simply waited and filed a new petition immediately upon his release from prison when he could fulfill the requirements of Section 343 and personally attend a meeting of creditors.

## *DISCUSSION*

### A. *Statute and Case Law*

This and other Bankruptcy Courts have often stated that: (1) bankruptcy is a privilege and not a right; and (2) in exchange for the extraordinary relief available to an "honest" debtor in a Chapter 7 case, a discharge and "fresh start," the Bankruptcy Code and Rules require very little from the debtor. All that a debtor must do is to file complete and accurate statements and schedules, as required by Section 521 and Rule 1007, personally attend and be examined at a meeting of creditors, as required by Section 343, and fully cooperate with the Trustee, the U.S. Trustee and the Bankruptcy Court to insure that the bankruptcy estate is properly administered.

Section 341(a) [4] and Rule 2003 [5] require the U.S. Trustee to convene and preside over the meeting of creditors which the debtor is required to attend. The meeting is generally held between twenty and forty days after the

---

4. Section 341(a) provides that:

   (a) Within a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors.
   11 U.S.C. § 341(a) (1999).

5. Rule 2003 provides, in part, that:

   The meeting may be held at a regular place for holding court or at any other place designated by the United States trustee within the district convenient for the parties in interest.
   FRBP Rule 2003(a) (1999).

petition is filed, at the place for holding court or at the Office of the U.S. Trustee.[6]

There is nothing in the plain language of either Section 343 or Rule 2003 which permits the U.S. Trustee or the Bankruptcy Court to waive the requirement that the debtor "shall" appear and submit to an examination under oath at the meeting of creditors. Furthermore, the United States Court of Appeals for the Second Circuit in *F.D.I.C. v. Colonial Realty*, 966 F.2d 57, 59 (2nd Cir.1992) ("*Colonial Realty*") has emphasized that Bankruptcy Courts cannot use their equitable and discretionary powers, even under Section 105(a), in a manner inconsistent with the commands of the Bankruptcy Code.

A number of Bankruptcy Courts, because of the mandatory language in Section 343, have held that the debtor's personal appearance for examination at a meeting of creditors cannot be waived, and where the debtor cannot appear in person, there is cause under Section 707(a) for the case to be dismissed. *See In re Martin*, 12 B.R. 319 (Bankr. S.D.Ala.1981).

Other Bankruptcy Courts have held that for a good and sufficient reason, or cause, a Court has the discretion to waive the personal appearance of the debtor at a meeting of creditors, and may permit the required examination of the debtor to be accomplished telephonically or by written interrogatories, or require a representative of the U.S. Trustee and any interested creditors to conduct the examination of the debtor at a place that is convenient for the debtor, but is different from where the meetings are otherwise conducted. *See Vilt* and the cases cited therein.

### B. *The U.S. Trustee System*

Notwithstanding the plain language of Section 343, the Assistant U.S. Trustee has acknowledged that in the Rochester Division, in appropriate and exceptional circumstances where: (1) a debtor cannot personally appear at the meeting of creditors at the place where the meetings are regularly conducted, because of serious health reasons or other reasons beyond the debtor's control; (2) the inability of the debtor to personally appear is not a temporary impairment; and (3) the debtor has demonstrated a present and substantial need for bankruptcy relief, alternate arrangements for a place of conducting the meeting where the debtor can attend have been made, or telephonic examinations of a debtor have been permitted. The Assistant U.S. Trustee has further indicated that this practice will continue in the future when a debtor can meet this "Three Part Exceptional Circumstances Test."

Therefore, if a debtor's creditors have no opposition to the U.S. Trustee waiving a debtor's personal appearance at a meeting of creditors and conducting the required examination by alternative means, or conducting the meeting where it is otherwise convenient for the debtor, in those rare instances where the debtor can meet the Three Part Exceptional Circumstances Test, no Section 343 or related issues would be brought before the Bankruptcy Court.

### C. *Exercise of Bankruptcy Court Discretion*

If the U.S. Trustee and the debtor or other parties in interest are in disagreement as to whether the Three Part Exceptional Circumstances Test has been met, the Bankruptcy Court might be asked to direct the U.S. Trustee to conduct the required meeting of creditors and examination at a different location convenient to the debtor, or by alternative means.

■ In view of the mandatory language of Section 343 and the clear direction of the Court of Appeals in *Colonial Realty*, before granting such relief, the Court should review the totality of the circumstances [7] and deter-

---

6. *Id.*

7. In reviewing the totality of the circumstances, the Bankruptcy Court should inquire into whether, prior to the filing of the petition, the debtor's attorney, or a pro se debtor, was aware that the debtor would be unable to personally attend a meeting of creditors at the place where they are normally conducted. If it appeared that the debtor would not be able to personally attend such a meeting, the Court should inquire into what evaluation was made of the elements of Three Part Exceptional Circumstances Test, and what efforts were made by the debtor's attorney or pro se debtor to contact the U.S. Trustee in advance of the filing to discuss the inability of

mine that they are so extraordinary that if: (1) the debtor's personal appearance at the meeting of creditors is not waived and the examination conducted by alternative means; or (2) the U.S. Trustee does not conduct the meeting at a different location where the debtor can personally appear, the Bankruptcy Court will be permitting the debtor or the debtor's dependents to suffer such an unnecessary and undue hardship, that a clear injustice would result which would be inconsistent with the goals of the Bankruptcy System.

### D. *The Debtor*

 In the case of this Debtor, it is clear that his circumstances cannot meet the Three Part Exceptional Circumstances Test, primarily because he has no present need for bankruptcy relief and he failed to comply with the Policy of the Bankruptcy Court regarding his attendance at a meeting of creditors.[8] In addition, failing to exercise discretion in this case to: (1) waive the requirement for a personal appearance by the Debtor; (2) direct the U.S. Trustee to conduct the examination of the Debtor at the Wayne County Jail; or (3) enter a habeas corpus or "body order," will not result in an undue hardship for the Debtor or a clear injustice.

### *CONCLUSION*

The Dismissal Motion is in all respects granted. The Debtor failed to attend the Meeting of Creditors, which constitutes cause for dismissal under Section 707(a). The Debtor may refile a Chapter 7 case in this Division within sixty (60) days of his release from prison without the need to pay a filing fee.

### IT IS SO ORDERED.

the debtor to attend a meeting of creditors and the elements of the Exceptional Circumstances Test.

**8.** The Policy is meant to relieve the taxpayers of the enormous cost of providing security and transportation for incarcerated individuals to participate in a personal bankruptcy case, which is always a privilege and not a right, when they do not have a present need for bankruptcy relief.