In re William N. HALL, Kelly J. Hall, Debtors.

No. 01–34254.

United States Bankruptcy Court, W.D. Kentucky.

Sept. 5, 2001.

Neil Charles Bordy, Louisville, KY, for debtor.

James E. Stierle, Louisville, KY, for creditor.

### *MEMORANDUM*

DAVID T. STOSBERG, Bankruptcy Judge.

This matter is before the court on the motion of the debtor, William N. Hall, to reschedule his first meeting of creditors. On August 15, 2001, this case came before the court for confirmation of the debtors' plan, and the Trustee advised the court that Mr. Hall failed to attend the 341 meeting of creditors. The court held confirmation in abeyance and ordered the debtor, by counsel, to file a motion and affidavit to waive the appearance of William N. Hall by August 23, 2001. On August 28, 2001, the debtor, by counsel, filed a motion to reschedule the 341 meeting along with an affidavit stating that Mr. Hall missed the meeting of creditors because he needed to be out of town for work and couldn't afford to miss several days of salary to attend the meeting of creditors.

■ Section 343 requires all debtors to appear for the first meeting of creditors, and nothing in that statute permits the bankruptcy court to waive that requirement. In the case of *In re Sochia,* 231 B.R. 158 (Bankr.W.D.N.Y.1999), the bankruptcy court dismissed a bankruptcy case where the debtor was unavailable for the 341 meeting due to incarceration. *See also, In re Francis,* 1999 WL 496271 (Bankr.W.D.Ky.1999). In *Sochia,* the bankruptcy court held that cause existed to dismiss the petition based on the debtor's unexcused failure to attend the meeting of creditors.

■ In the present case, Mr. Hall failed to demonstrate exceptional circumstances which would excuse his attendance from the 341 meeting. Attendance at the meeting of creditors is a minimal requirement for which debtors receive substantial relief. All debtors are required to be absent from work or other obligations to appear for the 341 meeting. For example, in *In re Rust,* 1 B.R. 656, 657 (Bankr. M.D.Tenn.1979), the bankruptcy court dismissed a truck driver's case where his employment required that he be out of town for substantial, irregular periods of time. Debtors receive ample notice of the date for the meeting of creditors, and it is the responsibility of debtor's counsel to ensure that the clients attend. *In re Leies,* 81 B.R. 723 (Bankr.S.D.Fla.1988). Moreover, rescheduling the 341 meeting inconveniences creditors and creates administrative problems for the court. *In re Rust,* 1 B.R. 656, 657 (Bankr.M.D.Tenn. 1979). Indeed, it is the debtor's physical appearance and testimony at the meeting of creditors that leads the trustee, in many cases, to discover assets for the benefit of the estate. *Id.* For all of the reasons recited, the court has entered an Order dismissing the case of William N. Hall.

### *ORDER*

Pursuant to the Court's Memorandum entered this same date and incorporated herein by reference,

IT IS ORDERED that the motion of the debtor, William N. Hall, to reschedule his first meeting of creditors be, and is hereby, **overruled** and the bankruptcy case of William N. Hall is **dismissed.**