# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

———

No. 02-6004EM

———

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Lawrence C. Davis, Jr., | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Lawrence C. Davis Jr., | * | |
| | * | |
| Debtor-Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | Bankruptcy Court for the |
| | * | Eastern District of Missouri. |
| E. Rebecca Case, | * | |
| | * | |
| Trustee-Appellee, | * | |

———

Submitted: April 2, 2002
Filed: April 15, 2002

———

Before KOGER, Chief Judge, KRESSEL and DREHER, Bankruptcy Judges.

———

KRESSEL, Bankruptcy Judge.

The debtor appeals from an order of the bankruptcy court[1] dismissing his case. Because we see no error in the dismissal, we affirm.

BACKGROUND[2]

The debtor filed a petition under chapter 7 of the Bankruptcy Code on August 9, 2001, together with an application to pay the filing fee in installments.[3] On the petition, the debtor listed as his street address a residence in Maryland Heights, Missouri. The debtor provided no other addresses on the petition, including leaving blank the box entitled, "Mailing Address of Debtor (if different from street address)." The petition and all subsequent filings were made without the benefit of an attorney. A meeting of creditors was scheduled for September 10, 2001, and a notice of the commencement of the case and of the time and place of the meeting of creditors was sent to all creditors and to the debtor at the address listed on his petition.

Although § 343 of the Bankruptcy Code requires the debtor to appear at the meeting of creditors, he did not.[4] As a result, on October 1, 2001, the bankruptcy

---

[1]The Honorable David P. McDonald, Chief Judge, United States Bankruptcy Court for the Eastern District of Missouri.

[2]As part of his brief on appeal, the debtor has attached a number of documents and made a number of factual allegations which do not appear anywhere in the record. We confine our review to those matters which appear in the bankruptcy court record. *See Hervey v. Wendover Fin. Srvs. (In re Hervey)*, 252 B.R. 763, 766 (B.A.P. 8th Cir. 2000).

[3] There were various problems revolving around this application which are not germaine to this appeal.

[4] *See* 11 U.S.C. §§ 341(a) and 343.

court issued an order to show cause which required the debtor to appear at a hearing and show cause why his case should not be dismissed. The order to show cause further provided that failure to appear at the November 15, 2001, hearing on the order to show cause, would in and of itself, be cause for dismissal of the debtor's case.

By way of a letter from Dawn Baker,[5] the debtor requested a continuance of the hearing on the order to show cause, alleging that the debtor was in prison and would be released on November 27, 2001.

The bankruptcy court granted the motion for a continuance and continued the show cause hearing to December 13, 2001. On November 22, 2001, the bankruptcy court received a handwritten request, signed by the debtor himself, requesting another "continuance of my Chapter 7 Bankruptcy," for at least 90 days because he was allegedly still incarcerated. On December 5, 2001, the bankruptcy court denied the debtor's request for another continuance.

When the debtor did not appear at the show cause hearing, the bankruptcy court, in an order dated and entered on December 17, 2001, dismissed the debtor's case. After the dismissal order was entered, the bankruptcy court was bombarded with motions by the debtor. On December 18, 2001, the bankruptcy court received a letter, signed by the debtor, requesting a "continuance of my case" and asking, for the first time, that other arrangements be made for appearing at the meeting of creditors. On December 20th, the bankruptcy court received another letter from the debtor requesting that the bankruptcy court "reinstate my bankruptcy Chapter 7 petition." The December 18th motion was denied in an order entered on January 4, 2002. The debtor's motion of December 20, 2001, was denied in an order entered on January 9, 2002. The debtor filed yet another request to "reinstate" his case on

---

[5] Apparently, she is the debtor's sister.

3

January 7, 2002, which the bankruptcy court denied the same day. In the order denying the debtor's December 18th motion, the bankruptcy court found that: the debtor had previously advised the court of a prison release date of November 27, 2001, but no new release date was provided; until December 18, 2001, all notices and orders in the debtor's bankruptcy case had been mailed to the address provided by the debtor in his petition; the debtor did not appear at his duly scheduled meeting of creditors; until December 18, 2001, the debtor had never made any request to conduct the required meeting by any means other than the debtor's personal appearance; the court had dismissed the debtor's case at the continued hearing of December 13th based upon the debtor's failure to show cause why his case should not be dismissed for his failure to appear at the meeting of creditors; and, the record did not reflect that the debtor made his required filing fee installment payment that was due on December 10, 2001.

On January 10, 2002, the debtor filed a notice of appeal from the December 17, 2001, order dismissing his case.

DISCUSSION

We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *Blackwell v. Lurie (In re Popkin & Stern)*, 223 F.3d 764, 765 (8th Cir. 2000); *Wendover*, 252 B.R. at 765. We review the bankruptcy court's dismissal of the case for an abuse of discretion. *In re Cedar Shore Resort, Inc.*, 235 F.3d 375 (8th Cir. 2000).

The debtor does not dispute the factual finding by the bankruptcy court that he did not attend the meeting of creditors as required by 11 U.S.C. § 343,[6] nor does he

---

[6] 11 U.S.C. § 343 provides, in pertinent part, that: "The debtor shall appear and submit to examination under oath at the meeting of creditors under section

contend that such failure is not grounds for dismissal of his case. Rather, his argument seems to be twofold.

He argues first that he had no notice of the order to show cause hearing and thus somehow he was deprived of due process rights under both the federal and Missouri constitutions. Secondly, he claims that once the bankruptcy court knew that he was in prison, it should not have dismissed his case.

On his bankruptcy petition, the debtor listed an address in Maryland Heights, Missouri as his address. The Due Process Clause of the Fifth Amendment provides that no one shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The due process requirement is satisfied where a party is provided with "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). Where notices are sent to the address last listed by the debtor, in documents filed with the court, as his mailing address, due process is satisfied. *See Bak v. Vincze (In re Vincze)*, 230 F.3d 297, 298 (7th Cir. 2000) (per curiam); *DeVore v. Marshack (In re DeVore)*, 223 B.R. 193, 196-97 (B.A.P. 9th Cir. 1998); *Green Tree Fin. Srv. Corp. v. Karbel (In re Karbel)*, 220 B.R. 108, 112-113 (B.A.P. 10th Cir. 1998) (and cases cited therein).

Notices were sent to the debtor at the only address he provided in his petition, and the debtor can hardly complain that the court used the address that he gave it. While the debtor argues on appeal that the clerk had a different address for him, nothing in the record supports such an allegation. In addition, the argument of failure to receive notice is belied by the fact that the debtor was able to make two requests for continuances of the order to show cause hearing and apparently received other

341(a) of this title." 11 U.S.C. § 343.

notices and orders from the court. Moreover, it is the debtor's required duty to file a statement with the court to show any change of address from that previously provided. *See* Fed. R. Bankr. P. 4002(5). The debtor who fails to keep the court apprised of his proper mailing address has only himself to blame. *See DeVore*, 223 B.R. at 196-97. We find the debtor's constitutional argument to be without merit.

The debtor next argues that his case should not have been dismissed because he was in prison. We first note that, at the time the debtor's case was dismissed, there was no evidence before the court that the debtor was in prison. There were letters in the court file from the debtor's sister and from the debtor making such an allegation, neither of which would constitute admissible evidence. Notwithstanding that defect, however, the bankruptcy court treated the allegation as true, but denied the debtor's second request for a continuance of the show cause hearing. We do not think that the bankruptcy court abused its discretion in denying the second continuance and dismissing the debtor's bankruptcy case.

First of all, the allegations in the first request for a continuance, which the bankruptcy court granted, turned out to be false. In that request, it was alleged that the debtor would be released from prison on November 27, 2001. In reliance on that representation, the bankruptcy court continued the hearing to December 13, 2001. The second request asked for another 90 day continuance, but gave no indication of when the debtor might be in a position to attend the meeting of creditors.

Secondly, the debtor did not really indicate how he was prejudiced by the refusal of the bankruptcy court to continue the order to show cause hearing. The facts leading to the dismissal would not have changed. The debtor, admittedly, had not appeared at the meeting of creditors and the debtor's argument that the case should not be dismissed because the debtor was in prison was considered by the bankruptcy court and rejected. *See In re Sochia*, 231 B.R. 158 (Bankr. W.D.N.Y. 1999) (granting the U.S. Trustee's motion to dismiss the debtor's bankruptcy case where the debtor

6

was incarcerated and made no attempts to personally appear at the required meeting of creditors, and the debtor had failed to show that dismissal would result in an undue hardship or clear injustice).

The Bankruptcy Code unequivocally requires the debtor to appear at a meeting of creditors. The debtor filed bankruptcy knowing he was in no position to appear personally at such a meeting and did nothing in advance of the meeting of creditors to make other arrangements. Thus, on the date of the hearing, the bankruptcy court was faced with a debtor who had not appeared at his meeting of creditors, had made no arrangements to either continue the meeting of creditors or appear in some other way, and who had no prospects of appearing at any such meeting at any specific time in the future.

With those facts, we can hardly say that the bankruptcy court abused its discretion when it dismissed the debtor's case. It is well-established that bankruptcy is a privilege, not a right. *See, e.g., Sochia*, 231 B.R. at 160; *see also United States v. Kras*, 409 U.S. 434, 446-47 (1973) (stating that "[t]here is no constitutional right to obtain a discharge of one's debts in bankruptcy"). The debtor did not fulfill the requirements that the Bankruptcy Code imposes on him in order to exercise this extraordinary privilege.

CONCLUSION

Because the bankruptcy court's decision is amply supported by the record and was not an abuse of its discretion, the order of the bankruptcy court dismissing the debtor's case is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT.