# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2159

_____

In re:  Lawrence C. Davis, Jr.,            *
                                           *
            Debtor,                        *
                                           *
----------------------------------         *   Appeal from the United States
Lawrence C. Davis, Jr.,                    *   Bankruptcy Appellate Panel
                                           *   for the Eighth Circuit.
            Appellant,                     *        [UNPUBLISHED]
                                           *
      v.                                   *
                                           *
E. Rebecca Case,                           *
                                           *
            Appellee.                      *

_____

Submitted:   February 3, 2003

Filed:   February 7, 2003

_____

Before BOWMAN, WOLLMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

      Lawrence C. Davis, Jr. appeals the Bankruptcy Appellate Panel's (BAP's) order affirming the bankruptcy court's[1] dismissal of Davis's bankruptcy petition. The

_____

[1]The Honorable James J. Barta, United States Bankruptcy Judge for the Eastern District of Missouri.

bankruptcy court dismissed the petition after Davis failed to appear at the meeting of creditors, and then failed to appear at a later show-cause hearing. The court denied reinstatement of his case, and the BAP affirmed. Davis argues that he did not receive notice of the meeting of creditors, because the notice was sent to an address other than the place of his incarceration; he was unable to attend the meeting and the show-cause hearing due to his incarceration; the bankruptcy court abused its discretion in disregarding indications in the record that he was incarcerated; and he should have been allowed to make the required appearances by alternative means, such as by telephone.

We find no prejudicial abuse of discretion by the bankruptcy court. Davis did not list his prison address on his bankruptcy petition; did not contest that he received notice of the initial or continued show-cause hearings; did not request alternative arrangements to physical appearance until after his case had been dismissed; and has not shown that he was prejudiced by the dismissal. See 11 U.S.C. § 349 (unless court orders otherwise, dismissal of case does not bar discharge--in a later case--of debts dischargeable in dismissed case, and also does not bar debtor from filing subsequent petition unless case was dismissed for willful failure to abide by court orders or debtor sought voluntary dismissal); In re Sochia, 231 B.R. 158, 160-62 (Bankr. W.D. N.Y. 1999) (debtor had not shown immediate need for bankruptcy relief, or prejudice from waiting until release from confinement to file new petition and personally attend creditors' meeting); cf. Mullen v. Galati, 843 F.2d 293, 294 (8th Cir. 1988) (per curiam) (dismissal may be warranted for persistent failure to prosecute complaint).

Accordingly, the judgment is affirmed. See 8th Cir. R. 47B. We also deny the pending motions as meritless or moot.

A true copy.

Attest:

           CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.