# United States Bankruptcy Appellate Panel

## FOR THE EIGHTH CIRCUIT

———————————

No. 03-6097 NE

———————————

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Rufino John Villarreal | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Rufino John Villareal, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| Debtor-Appellant, | * | District of Nebraska |
| | * | |
| v. | * | |
| | * | |
| Kathleen Laughlin, | * | |
| | * | |
| Trustee-Appellee. | * | |

———————————

Submitted: February 3, 2003
Filed: February 12, 2004

———————————

Before KRESSEL, Chief Judge, SCHERMER and FEDERMAN, Bankruptcy Judges

SCHERMER, Bankruptcy Judge

Debtor Rufino John Villarreal ("Debtor") appeals from the bankruptcy court[1] order granting the motion to dismiss his case filed by Trustee Kathleen Laughlin ("Trustee"). We have jurisdiction over this appeal from the final order and judgment of the bankruptcy court. *See* 28 U.S.C. § 158(b). For the reasons set forth below, we affirm.

## ISSUE

The issue on appeal is whether the bankruptcy court erred when it found that the Debtor received proper notice of a motion to dismiss his Chapter 13 case. We conclude that the bankruptcy court did not err when it found that the Debtor received proper notice of the motion to dismiss.

## BACKGROUND

On September 2, 2003, the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code. The Debtor is an attorney whose license was under suspension at the time of his bankruptcy filing. The Debtor filed his petition *pro se*. In his petition he listed his address on Cuming Street in Omaha, Nebraska.

On October 14, 2003, the Debtor attended the meeting of creditors pursuant to 11 U.S.C. § 341.

On October 31, 2003, the Trustee filed a motion to dismiss the Debtor's case for cause and a resistance notice and deadline in accordance with Nebraska Rule of Bankruptcy Procedure 9013-1 advising the Debtor that he must file a resistance to the motion by November 20, 2003, and must serve a copy of any such resistance on the

---

[1]The Honorable Timothy J. Mahoney, United States Bankruptcy Judge for the District of Nebraska.

Trustee. The Trustee served the motion and the resistance notice and deadline on the Debtor at the address listed in his petition and filed a certificate of service evidencing such service.

On November 13, 2003, the Debtor filed a document captioned "Affidavit." The affidavit was docketed by the clerk's office as an objection to the motion to dismiss; however, the "Affidavit" was not a proper objection to the motion to dismiss and the Debtor has never contended that it was an objection to the motion.[2]

On November 18, 2003, the Debtor appeared at a hearing on the confirmation of his plan and the objections thereto by the Trustee and a creditor. At the hearing the Debtor requested a continuance to obtain an attorney. The Court granted the Debtor until November 26, 2003, to obtain an attorney and have the attorney enter his or her appearance on behalf of the Debtor.

At the November 18 hearing on plan confirmation, the Court addressed the pending motion to dismiss. The Debtor stated that he had not filed a response to the motion to dismiss but acknowledged that he had until November 20 to do so.

The Debtor did not file a response to the motion to dismiss. On December 2, 2003, the Court entered its order granting the motion and dismissing the case. The Court noted that the motion was duly filed, served, and noticed pursuant to the local rules.

On December 10, 2003, the Debtor filed his motion to reconsider the dismissal. The Debtor failed to file the appropriate resistance notice. On December 11, 2003,

---

[2] It is not clear from the record why the Debtor filed the "Affidavit" on November 13, 2003, but he later acknowledged that it was not a response to the motion to dismiss.

the Court issued a notice of non-compliance with respect to the motion to reconsider. On December 12, 2003, the Debtor filed his notice of appeal of the dismissal. On December 16, 2003, the Court denied the motion to reconsider the dismissal.

## STANDARD OF REVIEW

We review the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo. Cedar Shore Resort, Inc. v. Mueller, (In re Cedar Shore)*, 235 F.3d 375, 379 (8th Cir. 2000); *Davis v. Case (In re Davis)*, 275 B.R. 864, 866 (B.A.P. 8th Cir. 2002), *aff'd* 55 Fed. Appx. 789, 2003 WL 262498 (8th Cir. 2003). A finding is clearly erroneous when although evidence exists to support it the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Kaelin v. Bassett (In re Kaelin)*, 308 F.3d 885, 889 (8th Cir. 2002). A decision to dismiss a bankruptcy case for cause is reviewed for an abuse of discretion. *In re Davis*, 275 B.R. at 866. Here the Debtor has not questioned the merits of the dismissal; rather he has only argued that he did not receive notice of the motion to dismiss. Consequently, the only issue we need address on appeal is whether the bankruptcy court erred when it found that the Debtor received adequate notice of the motion to dismiss.

## DISCUSSION

A debtor commences a voluntary bankruptcy case by filing a petition in compliance with Official Form 1. Official Form 1 requires the debtor to list his or her address and is signed by the debtor as true and correct under penalty of perjury. Pursuant to Federal Rule of Bankruptcy Procedure 4002(5), the debtor is required to file a statement of any change of the debtor's address. Here, the Debtor filed his petition listing his address and never filed a change of address.

Pursuant to 11 U.S.C. § 1307(c), on request of a party in interest and after notice and a hearing, the court may dismiss for cause a Chapter 13 case. Federal Rule of Bankruptcy Procedure 9014 governs a motion to dismiss under 11 U.S.C. § 1307(c). Fed. R. Bankr. P. 1017(f). Federal Rule of Bankruptcy Procedure 9014 requires reasonable notice and opportunity for hearing and service in accordance with Federal Rule of Bankruptcy Procedure 7004. Fed. R. Bankr. P. 9014(a) and (b). Service on a *pro se* debtor is accomplished by mailing a copy of the motion to the debtor at the address shown in the petition or to such other address as the debtor may have designated in a "filed writing." Fed. R. Bankr. P. 7004(b)(9). If service is not waived, the person effecting service shall make proof thereof to the court. Fed. R. Civ. P. 4(l), applicable herein pursuant to Fed. R. Bankr. P. 7004(a). In the instant case, the Trustee served the motion to dismiss on the Debtor by first class mail addressed to Debtor at the address listed in his petition–the only address which the Debtor provided the court–and filed a certificate of service so indicating with the court. The Trustee accompanied the motion with a resistance notice and deadline in accordance with the applicable local rule advising the Debtor of the specific date by which he must file a resistance to the motion if he desired a hearing on the matter. Such service provided the Debtor with adequate notice and an opportunity for hearing on the motion to dismiss as required by Federal Rule of Bankruptcy Procedure 9014. *Davis v. Case (In re Davis)*, 275 B.R. 864, 866-67 (B.A.P. 8th Cir. 2002), *aff'd* 55 Fed. Appx. 789, 2003 WL 262498 (8th Cir. 2003)(affirming the dismissal of a bankruptcy case where notices were sent to the address provided by the debtor in his petition ). Where notice is sent to the address listed by the Debtor in his petition, due process is satisfied. *Id*.

In his five-sentence brief on appeal, the Debtor states that he "did not get notice for objections for the motion to dismiss the bankruptcy filed by the trustee" and that he "attempted to get a bankruptcy lawyer to assist him in the proceeding but was unable to get an attorney to help him." The Debtor's assertion of lack of notice is not supported by the record. In fact, it directly contradicts the Debtor's statement on the

record at the November 18, 2003, hearing, when asked if he had filed a response to the pending motion to dismiss, that "No, I have until the 20th, I believe, so I'll just go ahead and prepare one tomorrow."[3] The Debtor's asserted inability to obtain counsel is irrelevant. A debtor has no right to counsel in a bankruptcy proceeding. A debtor may proceed *pro se* but is not excused from compliance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure because he or she elects to represent himself or herself.

The Bankruptcy Court's finding that the Debtor received notice of the motion to dismiss is not clearly erroneous and its order dismissing the case should be affirmed.

## CONCLUSION

The bankruptcy court correctly found that the Debtor received proper notice of the motion to dismiss his case. Accordingly, we AFFIRM the order dismissing the Debtor's case.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL FOR THE EIGHTH CIRCUIT

---

[3] As an attorney, the Debtor should be aware that by signing a pleading he is representing to the court that the factual contentions therein have evidentiary support. Fed. R. Civ. P. 11, Fed. R. Bankr. P. 9011.