**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. SC-19-1060-LGS |
| JORDANA BAUMAN, | Bk. No. 18-02875-CL13 |
| Debtor. | |
| JORDANA BAUMAN, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| THOMAS H. BILLINGSLEA, JR., Chapter 13 Trustee, | |
| Appellee. | |

Argued and Submitted on March 26, 2020

Filed – April 6, 2020

Appeal from the United States Bankruptcy Court
for the Southern District of California

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Christopher B. Latham, Bankruptcy Judge, Presiding

———————

Appearances:     Appellant Jordana Bauman argued pro se; Kathleen A. Cashman-Kramer on brief for Appellee.

———————

Before: LAFFERTY, GAN, and SPRAKER, Bankruptcy Judges.

## INTRODUCTION

Appellant Jordana Bauman ("Debtor") appeals the bankruptcy court's order denying her motion to extend the time to appeal under Rule 8002(d)(1).[1] In deciding the motion, the bankruptcy court correctly applied the legal standard for excusable neglect articulated in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). We therefore find no abuse of discretion and AFFIRM.

## FACTUAL BACKGROUND

Debtor filed a chapter 13 petition on May 11, 2018. The case was her sixth bankruptcy filing and her fourth chapter 13 case.[2] In September 2018 the chapter 13 trustee, Appellee Thomas Billingslea ("Trustee") filed an

———————

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

[2]All three previous chapter 13 cases were dismissed pre-confirmation, and her 2016 chapter 13 case was dismissed with a 180-day bar to refiling based on the bankruptcy court's finding that she had filed the case in bad faith.

objection to confirmation and a motion to dismiss Debtor's case with a one-year bar to refiling. The bases for Trustee's objection and motion were Debtor's failure to make plan payments and numerous deficiencies in Debtor's proposed chapter 13 plan. Further, Trustee alleged that Debtor's plan was not proposed in good faith, citing her prior bankruptcies, her failure to make ongoing mortgage payments since at least 2011, and the fact that she and her brother had filed at least fifteen appeals of case dismissals or orders denying reconsideration of those dismissals.

The certificate of service for the notice of hearing on Trustee's motion to dismiss shows that Debtor was served by first class mail at her home address[3] and electronically to her email address, and she does not contend that she failed to receive the notice. Nevertheless, she did not file a response or appear at the scheduled hearing on Trustee's motion. On November 8, 2018, the court granted the motion to dismiss, imposing a one-year bar. The certificates of service for the notice of dismissal and the dismissal order show that both documents were served on Debtor by the Bankruptcy Noticing Center on November 10, 2018 at the address reflected on the bankruptcy court's docket.

On December 12, 2018, thirty-four days after entry of the dismissal

---

[3]The address on the certificate of service for Trustee's notice varies slightly from the address on the bankruptcy court docket: the word "Front" appears after the street address and before the PMB number. That word does not appear in the address on the court docket.

order, Debtor filed a "Motion to Reopen or Extend Time to Appeal" ("Motion to Extend"). Debtor alleged in the Motion to Extend that she had not received the notice of dismissal and that the bankruptcy court should extend the time to appeal based on excusable neglect.[4]

Trustee opposed the Motion to Extend, arguing that Debtor had failed to show excusable neglect. The bankruptcy court issued a ruling without a hearing and denied the Motion to Extend, finding that the *Pioneer* factors weighed against granting the relief sought by Debtor.

Debtor timely appealed.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court abused its discretion in denying Debtor's Motion to Extend.

## STANDARD OF REVIEW

The bankruptcy court's denial of a motion to extend the time to file a notice of appeal is reviewed for abuse of discretion. *Pincay v. Andrews*, 389 F.3d 853, 858–59 (9th Cir. 2004) (en banc). Under the abuse of discretion

---

[4]On the same day, Debtor filed a notice of appeal of the dismissal order (BAP No. SC-18-1334). The Panel dismissed the appeal as untimely, but without prejudice to reinstatement following appellate review of this appeal.

standard, we first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). If the bankruptcy court identified the correct legal rule, we then determine under the clearly erroneous standard whether its factual findings and its application of the facts to the relevant law were: "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (internal quotation marks omitted).

## DISCUSSION

Upon entry of a judgment, order, or decree by a bankruptcy court, a party has fourteen days to file a notice of appeal. Rule 8002(a). If unable to meet that deadline, a party may move for an extension of time to file the notice of appeal. Rule 8002(d). While the deadline for filing a request to extend the appeal time is also fourteen days from the entry of the order to be appealed, the Rules contain an additional twenty-one day window (a total of thirty-five days) during which the bankruptcy court may grant a late-filed motion to extend time, but only if the moving party demonstrates that its neglect in not filing a timely motion was "excusable." Rule 8002(d)(1)(B). The party requesting an extension of time bears the burden of proving the existence of excusable neglect. *Key Bar Invs., Inc. v. Cahn (In re Cahn)*, 188 B.R. 627, 631 (9th Cir. BAP 1995).

In determining whether the moving party has shown excusable

neglect, the court considers: (1) the danger of prejudice to the other party; (2) the length of the delay caused by the neglect, and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. In conducting this analysis, the court is to consider all relevant circumstances surrounding the neglect; no "single circumstance in isolation compels a particular result regardless of the other factors." *Pincay*, 389 F.3d at 856-57 (quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 n.2 (9th Cir. 1997)).

The sole argument presented by Debtor in the bankruptcy court was that she failed timely to appeal the dismissal order because she had not received the notice of dismissal. The bankruptcy court analyzed the Motion to Extend under the *Pioneer* standard for excusable neglect and concluded that the factors weighed against granting the motion. The bankruptcy court found that there was no danger of prejudice to Trustee from the delay, so this factor weighed in Debtor's favor. Similarly, the bankruptcy court found that although the delay was "significant" because the motion was filed on the cusp of the maximum time allowed under Rule 8002(d)(1), no case administration or judicial proceedings would be affected, particularly in light of the facts that the case had been dismissed with a one-year bar,

6

and the automatic stay had not been in effect for some time.[5]

The bankruptcy court concluded, however, that the "reason for the delay" and "good faith" factors weighed sharply against granting Debtor's motion. First, the court noted there was no dispute that the notice of dismissal was properly addressed and mailed to Debtor's address of record in the bankruptcy case, and that Debtor did not dispute having received notice of Trustee's motion to dismiss. Accordingly, the mailbox rule applied. Under the mailbox rule, "proof of mailing creates a rebuttable presumption of . . . receipt." *Berry v. U.S. Trustee (In re Sustaita)*, 438 B.R. 198, 209 (9th Cir. BAP 2010), *aff'd*, 460 F. App'x 627 (9th Cir. 2011) (citations omitted). The presumption can be overcome only by clear and convincing evidence that the mailing was not accomplished. *Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 207 (9th Cir. 1991). Bare denial of receipt, even in an affidavit, is not sufficient to overcome the presumption. *CUNA Mutual Ins. Grp. v. Williams (In re Williams)*, 185 B.R. 598, 600 (9th Cir. BAP 1995). In light of these authorities, the court found that Debtor's denial of receipt was insufficient to overcome the presumption of delivery in the absence of any other evidence, such as the notice being returned as undelivered. Accordingly, the court found that Debtor received the notice. Moreover, the

_____

[5]In July 2018 the bankruptcy court denied Debtor's motion to extend the automatic stay, which had expired 30 days after the petition date pursuant to § 362(c)(3)(A).

court noted that parties have an affirmative duty to monitor the dockets to inform themselves of the entry of any orders they wish to appeal. *Delaney v. Alexander (In re Delaney)*, 29 F.3d 516, 518 (9th Cir. 1994). In light of the fact that Debtor did not dispute having received notice of Trustee's motion to dismiss and the hearing thereon, the court found that her failure to monitor the docket was grossly negligent.

Finally, the bankruptcy court found that Debtor did not bring the motion in good faith, given that she is familiar with bankruptcy litigation and had filed numerous appeals. The court noted that Debtor had previously complained of issues with receiving mail and found that Debtor had either refused the court's admonishments to ensure that her address of record was current and accurate, or she intentionally misrepresented lack of receipt. The court thus concluded that Debtor's Motion to Extend was an abuse of the bankruptcy process and yet another attempt to hinder and delay her creditors.

Based on the foregoing analysis, the bankruptcy court found that Debtor's failure timely to appeal the dismissal order was not the result of excusable neglect and denied the motion.

Debtor's arguments in her appellate brief address several matters, but nothing relevant to the order on appeal. She argues that the bankruptcy court should not have dismissed her case, although it is not clear which one: she references the dismissal of her 2011 case and a District Court order

vacating and remanding that order on grounds of violation of due process. She contends that the bankruptcy court did not follow the mandate of the District Court on remand. She also accuses Judge Latham of being biased and of using "tricks" to deny her due process in her 2017 bankruptcy case. In fact, much of her brief is devoted to purported errors in the dismissal of the 2017 case and the subsequent motion to vacate, which are the subjects of separate appeals. She further argues that Judge Latham should have recused himself in this (2018) case, but the record does not reflect that she (or anyone else) ever moved for recusal.

Crucially, Debtor makes no attempt to explain to this Panel how the bankruptcy court erred in its excusable neglect analysis or in denying her Motion to Extend. Although we construe pro se appellate briefs liberally, *see Cruz v. Stein Strauss Trust #1361 (In re Cruz)*, 516 B.R. 594, 604 (9th Cir. BAP 2014), "we cannot manufacture arguments for an appellant and therefore we will not consider any claims that were not actually argued in appellant's opening brief." *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (citations and internal quotations omitted). And arguments not specifically and distinctly raised in an appellant's opening brief are deemed waived. *Price v. Lehtinen (In re Lehtinen)*, 332 B.R. 404, 410 (9th Cir. BAP 2005), *aff'd*, 564 F.3d 1052 (9th Cir. 2009).

At oral argument in this appeal, Debtor noted–as she did in the bankruptcy court– that in the past she had experienced problems receiving

9

mail at her home address. But, as noted above, the notice of dismissal and the dismissal order were served on Debtor at the address on the bankruptcy court docket. Debtor does not contend that that address is incorrect, but if it is, it is Debtor's duty to correct it. Rule 4002(a)(5); *See also Davis v. Case (In re Davis)*, 275 B.R. 864, 867 (8th Cir. BAP 2002), *aff'd*, 55 F. App'x 789 (8th Cir. 2003) ("The debtor who fails to keep the court apprised of his proper mailing address has only himself to blame."). Moreover, as pointed out by the bankruptcy court, any known issues with timely receiving mail resulted in a heightened duty on the part of Debtor to monitor the bankruptcy court docket for any relevant filings.

In sum, nothing in the record suggests that the bankruptcy court abused its discretion in denying Debtor's Motion to Extend. The court applied the correct legal standard, and the record supports the bankruptcy court's factual findings; Debtor did not meet her burden to show that those findings were clearly erroneous. *See Wells Fargo Bank, N.A. v. Loop 76, LLC (In re Loop 76, LLC)*, 465 B.R. 525, 545 (9th Cir. BAP 2012), *aff'd*, 578 F. App'x 644 (9th Cir. 2014) (to show clear error, appellant has to show how the findings were not supported by the record).

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order denying Debtor's Motion to Extend.