**In re Paula Darlene GOFORTH.**

**Mary Jane EDWARDS, Walter Kleinman and Sondra Wehunt, Plaintiffs,**

v.

**Paula Darlene GOFORTH, Defendant.**

**Bankruptcy No. 94–16334 S.
Adv. No. 94–6538.**

United States Bankruptcy Court,
W.D. Arkansas,
Hot Springs Division.

May 19, 1995.

---

Charles Padgham, Hot Springs, AR, for plaintiffs.

Byron Rhodes, Hot Springs, AR, for defendant.

### ORDER OF DISMISSAL

MARY D. SCOTT, Bankruptcy Judge.

■ THIS CAUSE is before the Court upon the Motion to Dismiss filed by the debtor on May 4, 1995. The plaintiffs responded on May 12, 1995. Dismissal of this adversary proceeding is merited because the proceeding has been pending for five months without proper service of process, despite several Orders of Court directing that service be properly made.

This adversary proceeding was initiated by the filing of the complaint on December 30, 1994. The summons was issued on January 6, 1995, and delivered to plaintiffs with specific instructions as to the service. When no return of service was filed within a reasonable time, Fed.R.Bankr.Proc. 7005, the Court issued an Order directing plaintiffs to either file a return of service or obtain issuance of a new summons.[1] The Order of January 27, 1995, explained to plaintiffs the importance of serving a valid summons in a timely manner.

A second summons was issued on February 15, 1995, and delivered to plaintiffs, but again, no return of service was filed. On March 15, 1995, the Court again issued an Order regarding service, directing plaintiffs to show cause why the case should not be dismissed. Plaintiffs timely responded and requested issuance of a new, valid summons.

On March 21, 1995, a third summons was issued and delivered to plaintiffs for service. On April 27, 1995, a return of service was filed with the Court which indicated that on April 17, 1995, the plaintiffs personally served the debtor with the second summons dated February 15, 1995.[2] Thereafter, debtor defendant filed a motion to dismiss the complaint because service had not been timely effected and because no complaint was served with the summons.[3]

This Court is required to dismiss this cause for failure to prosecute the action. Rule 7004(j) states that if—

> service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.* * *[4]

Inasmuch as more than 120 days have elapsed from the filing of the complaint, the

---

1. Unlike service of process under the Federal Rules of Civil Procedure, Rule 7004, Federal Rules of Bankruptcy Procedure requires that the summons be served within ten (10) days of its issuance. After ten days, the summons expires and it is without validity. This is because, under the Federal Rules of Bankruptcy Procedure, the time for a defendant to answer is calculated from the date of issuance of the summons, rather than from the date of service. Accordingly, it is imperative that a plaintiff serve the summons and complaint within the time constraints of the Federal Rules of Bankruptcy Procedure.

2. Accordingly, the defendant was obliged to answer the complaint on or before March 15, 1995, over one month *before* she was even served with the summons. Indeed, under Rule 7004(g), plaintiffs were required to file the return of service by March 15, 1995, over one month before the defendant was actually served. Had plaintiffs read the Rules and the Court's Orders carefully, these anomalies would not exist.

3. Because the legal grounds for dismissal are so apparent, the Court need not hold a hearing to determine the factual issue of whether a complaint was served with the invalid summons.

4. This rule does not adopt the change that was effected in the Federal Rules of Civil Procedure to the former Rule 4(j), now Rule 4(m). *Broitman v. Kirkland (In re Kirkland)*, 181 B.R. 563, 566 (D.Utah 1995).

plaintiffs are required to show good cause why valid service was not timely made. In this instance, the plaintiffs have not even attempted to show good cause, but rather, merely assert that a complaint was served with a summons. No defense is offered for the invalidity of the service or for the lengthy delay in service. Accordingly, dismissal under Rule 7004(j) is required by the plain language of that rule. *See Kaczmarczik v. Van Meter (In re Van Meter)*, 175 B.R. 64 (9th Cir. BAP 1994).

■ Plaintiffs responded to each of the Court's Orders regarding service that they were uncertain whether service had been effected because no "green card" had been returned to them through the Post Office. This excuse is of no import because of the manner in which service may be effected upon a debtor. Under the Federal Rules of Bankruptcy Procedure, the debtor is under the strict obligation to keep the Court and creditors informed of her address. *See In re Coggin*, 30 F.3d 1443, 1450 n. 8 (11th Cir. 1994). Under Rule 7004(b)(9),[5] any plaintiff need only serve, through regular United States Mail, the valid summons (1) to the debtor at her address of record, and (2) to the debtor's attorney of record at his address of record. Since neither certified nor restricted delivery nor personal service is required, the fact that plaintiffs' "green card" was not returned is of no import. As noted by the Eleventh Circuit:

> Under Rule 7004(b)(9), service is effective on a debtor if it is mailed to 'the address shown in the petition or statement of affairs'.... Therefore, service is effective on a debtor even if mailed to the wrong address, if the address to which it is mailed is the last listed by the debtor in a filed writing. Service of the debtor and his attorney should, therefore, generally present no difficulty to a movant and should be completed at the same time as filing, prior to the expiration of the bar date.

*Id.* The fact that plaintiffs did not know the debtor defendant's current whereabouts is thus irrelevant. There was no reason for not mailing the summons and complaint within ten (10) days of issuance of the summons to the debtor and to her counsel at their respective addresses of record. While it is true that plaintiffs are not required to use the simpler method of service described in Rule 7004(b)(9), and may effect the more costly and time consuming personal service, there is no exemption from the requirement that the summons be valid or that service be made within 120 days. *See* Fed.R.Civ.Proc. 7004(f), (j). If a party wishes to take a more circuitous route to effect service, he must also accept the consequences of his own delay.

The plaintiffs were given three summonses and four months to properly serve the defendant. Despite two notices from the Court which directed their attention to the controlling rules of procedure, the plaintiffs failed to timely and properly serve the defendant with a valid summons. Moreover, the plaintiffs have not even attempted to show good cause for the delay. Accordingly, the defendant's motion to dismiss must be granted.

**ORDERED** that the defendant's Motion to Dismiss, filed on May 4, 1995, is GRANTED. This cause is DISMISSED.

**IT IS SO ORDERED.**

5. Rule 7004(b)(9) states:
   (b) Service by First Class Mail. Except as provided in subdivision (h) ... service may be made within the United States by first class mail postage prepaid as follows:
   (9) Upon the debtor, after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing copies of the summons and complaint to the debtor at the address shown in the petition or statement of affairs to such other address as the debtor may designate in a filed writing and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address.