In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3710

IN RE:
FRANK VINCZE and ELIZABETH VINCZE,

Debtors-Appellants.


FRANK BAK,

Plaintiff-Appellee,

v.

FRANK VINCZE and ELIZABETH VINCZE,

Defendants-Appellants.



Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 C 3594--James B. Moran, Judge.


Argued July 12, 2000--Decided October 13, 2000




        Before RIPPLE, ROVNER and WILLIAMS, Circuit Judges.

        PER CURIAM.  The bankruptcy court entered a default judgment against Frank and Elizabeth Vincze, husband and wife, when they failed to answer an adversary complaint filed by Frank Bak, one of their creditors. Six years later, the Vinczes moved to stay post-judgment proceedings, arguing that the judgment be vacated due to insufficient service of process because they were out of the country when Mr. Bak mailed them the summons and complaint. The district court denied the motion, as well as the Vinczes' subsequent motion for reconsideration. The issue raised by the appeal is whether service of process under Federal Rule of Bankruptcy Procedure 7004(b)(9) requires that the intended recipients of a summons and complaint actually receive the mailed documents. We join the few courts that have considered this issue in concluding that service in such cases is valid and effective as long as the required documents are mailed to the address last listed by the debtor on documents filed with the court. Therefore, we affirm the judgment of the district court.

I
BACKGROUND

In August 1992, the Vinczes filed for bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code. In May 1993, Mr. Bak filed an adversary complaint that challenged the dischargeability of their debt to him. Mr. Bak mailed a summons and complaint to the Vinczes at the address they listed on their bankruptcy petition. Mr. Bak also mailed a summons and complaint to the Vinczes' attorney of record. Although the Vinczes resided at the address listed on their petition, they were not at the address to receive the mailing. Unbeknownst to Mr. Bak, to the court, and to their attorney, they temporarily had left the United States for Hungary. The Vinczes never answered the complaint. When neither the Vinczes nor their counsel appeared at a hearing held on August 19, 1993, the bankruptcy judge issued a default judgment for $99,200.

In October 1993, the Vinczes' attorney unsuccessfully moved to vacate the default judgment because of his "excusable neglect" in failing to appear at the August 1993 hearing. R.11. According to an affidavit accompanying the motion before the bankruptcy court, the attorney's efforts to reach the Vinczes had been and still were "fruitless." Id. He stated that at the August 1993 hearing he had planned to present both his objections to the default judgment and a motion to withdraw as counsel for the Vinczes. Id. He explained that automotive trouble caused him to miss the hearing, resulting in the default judgment against the Vinczes. Id.

In May 1999, Mr. Bak sought to enforce the judgment. In response, the Vinczes filed a motion to vacate the default judgment with the bankruptcy court and an "Emergency Motion to Stay Post-Judgment Activity" with the district court. The bankruptcy judge declined to hear the motion because post-judgment proceedings had already commenced in the district court.

After conducting a brief hearing, the district court orally denied the motion to stay. The court explained that it did not "have any jurisdiction at this point to start vacating defaults from six years ago when [Mr. Bak] did everything that he was supposed to do, and if [the Vinczes] didn't know, which I find a little hard to believe, it was their own doing." R.19-1.

The district court held a subsequent hearing to consider the Vinczes' motion for reconsideration. The court denied the motion. The court determined

that "under the rules, if the debtor is in bankruptcy proceedings, they are served by having somebody mail a summons to the address that they have on their bankruptcy petition, and that was done." R.19-2. Therefore, the court concluded, the Vinczes "disabled themselves" by failing to "put themselves in a posture" where they could actually receive the mail that was sent to their address. Id.

II
DISCUSSION

On appeal, the Vinczes argue that the district court erred when it denied their motion to vacate the default judgment./1 They contend that Mr. Bak's service of process was insufficient because Federal Rule of Bankruptcy Procedure 7004(b)(9) requires that both the debtor and the attorney be in actual receipt of the summons and complaint. Here, only the attorney actually received the documents.

Rule 7004(b)(9) provides that in adversary proceedings service upon the debtor may be made within the United States by first class mail postage prepaid:

after a petition has been filed by or served upon the debtor and until the case is dismissed or closed, by mailing a copy of the summons and complaint to the debtor at the address shown in the petition or statement of affairs or to such other address as the debtor may designate in a filed writing and, if the debtor is represented by an attorney, to the attorney at the attorney's post-office address.

Rule 7004's allowance for service by mail offers constitutionally adequate notice of suit. See In re Park Nursing Ctr. Inc., 766 F.2d 261, 263-64 (6th Cir. 1985) (approving constitutionality of Rule 704(c), the predecessor to Rule 7004(b)); see also Greene v. Lindsey, 456 U.S. 444, 455 (1982) (in housing repossession action where "personal service is ineffectual, notice by mail may reasonably be relied upon to provide interested persons with actual notice of judicial proceedings"). The Rule requires that both the debtor and the attorney be served. If either one is not served, then service is insufficient, see In re Bloomingdale, 137 B.R. 351, 354 (Bankr. C.D. Cal. 1991); In re Graham, 6 B.R. 219, 220 (Bankr. N.D. Ga. 1980) (analyzing Rule 7004(b)(9)'s predecessor, Rule 704(c)(9)), and any judgment resulting from the complaint is void. Peralta v. Heights Med. Ctr., Inc., 485 U.S. 80, 84-86 (1988).

The Vinczes do not dispute that Mr. Bak mailed

his complaint and summons to the address listed in their petition. Rather, they argue that Mr. Bak's service was insufficient because his mailing, though mailed to a valid address, failed to provide them notice of his suit because they were not present at their address and thereby could not and did not receive his mailing.

The Vinczes misconstrue the plain language of Rule 7004(b)(9). Rule 7004(b)(9) does not require proof of actual receipt; it requires only that the summons and complaint be mailed to both the debtor and the debtor's attorney. See In re Coggin, 30 F.3d 1443, 1450 (11th Cir. 1994); In re Cossio, 163 B.R. 150, 155 (B.A.P. 9th Cir. 1994); In re Love, 232 B.R. 373, 377 (Bankr. E.D. Tenn. 1999). Thus, the Rule required only that Mr. Bak mail the required documents to the Vinczes' address as listed on documents filed with the court. See In re Goforth, 183 B.R. 560, 562 (Bankr. W.D. Ark. 1995). Thus, "service is effective on a debtor even if mailed to the wrong address, if the address to which it is mailed is the last listed by the debtor in a filed writing." In re Coggin, 30 F.3d at 1450 n.8.

Conclusion

The Vinczes cannot show that Mr. Bak's complaint was not properly served upon them. Accordingly, the district court did not abuse its discretion when it refused to vacate the default judgment. The judgment of the district court is affirmed. We decline Mr. Bak's request to sanction the Vinczes.

AFFIRMED
MOTION FOR SANCTIONS DENIED

/1 The district court apparently construed the "Emergency Motion to Stay Post-Judgment Activity" as incorporating the motion to vacate that the Vinczes had filed with the bankruptcy court in 1999. During the hearings on the emergency motion and the subsequent motion to reconsider, the parties argued to the district court about whether the default judgment should be vacated due to insufficiency of process. The district court, too, seemed to interpret the emergency motion as seeking to vacate the default judgment, concluding that it lacked jurisdiction "to start vacating defaults from six years ago." R.19-1.