

Villanova University School of Law

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-3-2006

# In Re: Banks

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1828

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Banks " (2006). *2006 Decisions.* Paper 365.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/365

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

EPS-60                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1828
_____

IN RE: FREDERICK H. BANKS,

Debtor


FREDERICK H. BANKS,

Appellant

v.


JOHN M. MOORE

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-00261)
District Judge: Honorable Joy Flowers Conti
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
September 22, 2006

Before:   FUENTES, CHAGARES AND STAPLETON, <u>CIRCUIT JUDGES</u>

(Filed October 3, 2006)


_____

OPINION
_____


PER CURIAM

On February 8, 2002, John Moore t/d/b/a Protium Recordings filed an adversary action in the United States Bankruptcy Court for the Western District of Pennsylvania to determine the dischargeability of a debt owed to him by Frederick H. Banks. Banks, represented by counsel, filed an answer shortly thereafter. On July 21, 2004, the Bankruptcy Court imposed September 2004 due dates for the parties' pre-trial statements, and scheduled trial for October 25, 2004. The parties duly filed their pre-trial statements that September. However, three weeks before trial, on October 4, 2004, Banks' counsel filed a motion to withdraw and a motion for a trial continuance.

The Bankruptcy Court held a hearing on both motions, the latter of which Moore opposed. In the motion to withdraw and at the hearing, Banks' attorneys argued that Banks had rendered their representation of him unreasonably difficult and was imposing an unreasonable financial burden on them. They recounted their repeated fruitless attempts to contact him by sending letters (including one via certified mail) and monthly bills for legal fees to his last known address, by writing his mother, and by repeatedly phoning and e-mailing him. They explained that Banks had not honored his fee agreement with them and owed them $2650.10 for work in the adversary proceeding. On October 13, 2004, the Bankruptcy Court permitted Banks' counsel to withdraw. The Bankruptcy Court also moved back the trial date until December 29, 2004. The Bankruptcy Court sent notice of the trial to the address Banks had submitted to the Bankruptcy Court, namely 52 South Eighth Street, Pittsburgh, PA 15203.

2

Banks did not appear for trial. In an order entered December 30, 2004, the Bankruptcy Court entered judgment in favor of Moore. The Bankruptcy Court held that Banks' debt to Moore was non-dischargeable because of Banks' defalcation while acting in a fiduciary capacity and embezzlement, see 11 U.S.C. § 523(a)(4), and because of the willful and malicious injury that Banks caused, see id. at § 523(a)(6). The Bankruptcy Court also granted Moore relief from the automatic stay to recover the debt from Banks.

On January 4, 2005, the Bankruptcy Court docketed a "motion for pro se appearance" from Banks. In his "motion," Banks acknowledged that his counsel had filed a motion to withdraw, and he requested that he be permitted to represent himself. Two days later, the Bankruptcy Court entered Banks' notice of appeal (dated January 3, 2005) on the docket. On both of the documents that Banks filed, Banks included his updated address - Allegheny County Jail, 950 Second Avenue, Pittsburgh, PA 15219.

In the District Court, Banks made the following arguments. He claimed that he was not served with his former counsel's motion to withdraw despite the certificate of service showing mailing to his home address. He stated that his counsel did not serve it on him at his prison address despite knowing that he was in jail. Banks argued that his right to due process of law was violated 1) when the Bankruptcy Court permitted his counsel to withdraw "on the eve of trial;" 2) when the Bankruptcy Court rescheduled the trial without notice to him; and 3) when the Bankruptcy Court entered judgment in Moore's favor in Banks' absence. The District Court denied Banks' appeal. Banks,

proceeding pro se and in forma pauperis, appeals.

The District Court had jurisdiction to review the Bankruptcy Court's orders pursuant to 28 U.S.C. § 158(a), and we have jurisdiction to review the District Court's order under 28 U.S.C. §§ 158(d), 1291. Our review of the District Court's determination is plenary. See Kool, Mann, Coffee & Co. v. Coffey, 300 F.3d 340, 353 (3d Cir. 2002). Upon review, we conclude that Banks' appeal must be dismissed because it has no arguable basis in fact or law. See 28 U.S.C. § 1915(e)(2)(B)(i); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The record before us is replete with examples of how Banks' counsel tried to communicate with Banks by sending letters and their motion to withdraw to his last known address and otherwise. There are no examples of Banks seeking to contact his attorneys. No evidence supports Banks' assertion that his counsel knew he had been incarcerated. Similarly, a review of the record leads to the conclusion that the Bankruptcy Court served important documents, such as the notice of a new trial date,[1] on Banks at Banks' address of record then on file in the Bankruptcy Court. Banks did not apprise the Bankruptcy Court of his new prison address until after the Bankruptcy Court entered its order granting judgment in favor of Moore. For these reasons, Banks' claims of due process violations fail, and his appeal is without merit. See In re Villareal, 304 B.R. 882,

---

[1]We note the undisputed fact that the Bankruptcy Court postponed trial after permitting Banks' counsel to withdraw undermines the factual premise of one of Banks' claims. Given the postponement, the order granting the withdrawal motion did not come on the "eve of trial;" it came approximately two-and-a-half months before trial.

4

886 (B.A.P. 8th Cir. 2004) ("Where notice is sent to the address listed by the Debtor in his petition, due process is satisfied."); In re Davis, 275 B.R. 864, 866-67 (B.A.P. 8th Cir. 2002) ("The debtor who fails to keep the court apprised of his proper mailing address has only himself to blame."); In re Vincze, 230 F.3d 297, 298 (7th Cir. 2000) (per curiam); In re DeVore, 223 B.R. 193, 196 (B.A.P. 9th Cir. 1998) ("Mailing a notice by first class mail to a party's last known address is sufficient to satisfy due process.") Accordingly, we will dismiss Banks' appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).