

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-5-2007

# In Re: Banks

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1898

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Banks " (2007). *2007 Decisions*. Paper 1807.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1807

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-76                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1898

IN RE: FREDERICK H. BANKS,
Debtor

FREDERICK H. BANKS,
Appellant

v.

ROBERT L. WILLIAMS; UNITED
STATES OF AMERICA

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-01128)
District Judge: Honorable Joy Flowers Conti

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 15, 2006

Before:   BARRY, AMBRO AND FISHER, <u>CIRCUIT JUDGES</u>

(Filed: January 5, 2007)

OPINION

PER CURIAM

On November 1, 2001, Frederick H. Banks filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code. The appointed trustee in bankruptcy filed a report of no assets.

On February 8, 2002, John Moore t/d/b/a Protium Recordings filed an adversary action in the Bankruptcy Court to determine the dischargeability of a debt owed to him by Banks. The debt related to a July 12, 2001 agreement for the manufacture, distribution, and retail promotion of a music CD. Banks did not appear for trial. In an order entered December 30, 2004, the Bankruptcy Court entered judgment in favor of Moore. The Bankruptcy Court held that Banks' debt to Moore was non-dischargeable because of Banks' defalcation while acting in a fiduciary capacity and embezzlement, see 11 U.S.C. § 523(a)(4), and because of the willful and malicious injury that Banks had caused, see id. at § 523(a)(6). The Bankruptcy Court also granted Moore relief from the automatic stay to recover the debt from Banks.

Banks appealed, claiming that his right to due process of law was violated because the Bankruptcy Court allowed his counsel to withdraw, rescheduled the trial without notice to him, and entered judgment in Moore's favor in Banks' absence. The District Court affirmed the Bankruptcy Court's order. Banks then appealed to us. For reasons stated elsewhere, we concluded that his appeal had no arguable basis in fact or law. See In re Banks, No. 06-1828, slip. op. at 4-5 (3d Cir. Oct. 3, 2006).

2

In 2005, Banks filed many adversary actions, including one against Moore and Protium Recordings relating to the July 12, 2001 agreement described in broad terms above. In the main bankruptcy action, he also filed a motion to convert his Chapter 7 bankruptcy into a Chapter 11 bankruptcy, claiming that his previous counsel had withdrawn from his case without notice and without listing Banks' assets in the bankruptcy schedules. The United States, seeking dismissal of Banks' bankruptcy petition and other adversary actions, unsuccessfully moved to intervene in the Bankruptcy Court.

On June 23, 2005, the Bankruptcy Court denied Banks' motion to convert on the followings grounds: (1) Banks had not paid the conversion fee; (2) Banks would not obtain any relief under Chapter 11 that he would not receive in a Chapter 7 discharge in due course; (3) Banks would not be able to propose, obtain confirmation of, or consummate a feasible Chapter 11 plan given his imprisonment and lack of regular income, so conversion would be futile; and (4) Banks' purpose for conversion was improper and abusive, based only on his desire to prosecute many post-petition, non-bankruptcy adversary actions.

Also on June 23, 2005, after issuing an order to show cause why the adversary action should not be dismissed and then holding a hearing, the Bankruptcy Court dismissed Banks' action against Moore and Protium Recordings with prejudice. The Bankruptcy Court held that Banks' causes of action were barred under principles of <u>res</u>

3

judicata because they were compulsory counterclaims that Banks had failed to raise in the adversary action instituted by Moore, and accordingly dismissed Banks' adversary complaint under Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Bankruptcy Court also held that dismissal was appropriate because Banks' causes of action arose pre-petition, belonged to the bankruptcy estate, and must be pursued by the bankruptcy trustee, whom Banks had failed to name. The Bankruptcy Court noted that Banks' attempt to pursue the action on his own under the auspices of Chapter 11 of the Bankruptcy Code would not work, because the Bankruptcy Court had, that day, already denied Banks' motion to convert.

Filing one notice of appeal, Banks appealed from both of the Bankruptcy Court's orders of June 23, 2005, to the District Court. In his statement of issues on appeal, Banks raised the questions (1) whether the Bankruptcy Court erred in dismissing his adversary complaint sua sponte and (2) whether the Bankruptcy Court erred in denying his conversion motion. In his appellate brief, he argued only that the Bankruptcy Court should have granted his motion to convert because any money won in his adversary actions would have paid creditors of his estate. Banks did not otherwise dispute the factual findings or legal conclusions of the Bankruptcy Court. In its order of March 8, 2006, the District Court described Banks' appeal as related to the adversary case and the main bankruptcy action and also as an appeal from the June 23, 2005 order denying the motion to convert. The District Court affirmed the Bankruptcy Court's order denying the

4

motion to convert on the basis of Banks' failure to pay the conversion fee; the District Court did not consider the June 23, 2005 order in the adversary case.

Banks appeals. The United States Attorney's Office and the United States, neither of whom were parties in the Bankruptcy or District Courts, but the latter of whom is named as a party on appeal, filed a motion for summary action, seeking affirmance of the order of March 8, 2006,[1] and a motion to stay the briefing schedule pending the resolution of the motion for summary action. The Clerk granted the motion to stay the briefing schedule. Banks opposes the motion for summary action, moves for reconsideration of the order granting the motion to stay the briefing schedule, and moves to strike both motions.

The District Court had jurisdiction to review the Bankruptcy Court's order pursuant to 28 U.S.C. § 158(a), and we have jurisdiction to review the District Court's order under 28 U.S.C. §§ 158(d) & 1291. We exercise the same standard of review as the District Court, subjecting the Bankruptcy Court's legal determinations to plenary review and reviewing its factual findings for clear error. See In re United Healthcare Sys., 396 F.3d 247, 249 (3d Cir. 2005).

As a preliminary matter, we consider the pending motions. More specifically, we first must decide whether the United States and the United States Attorney's Office have

---

[1] In their motion, they also ask us to affirm a separately appealed-from order in other appeals brought by Banks. We do not presently consider that request.

standing to advance their pending motion. Although the United States is nominally a party to these related appeals, the appealed-from order does not affect its rights or the rights of United States Attorney's Office. Accordingly, they lack standing to argue the merits of these appeals. See Marshall v. Sun Petroleum Products Co., 622 F.2d 1176, 1188 (3d Cir. 1980) (concluding that nominal parties on appeal have no standing to defend the merits of a decision); In re St. Clair & Karen M. St. Clair, 251 B.R. 660, 670 & n.11 (D.N.J. 2000). We therefore deny the motion for summary affirmance insofar as it relates to this appeal. We do not grant reconsideration of the order staying the briefing schedule, however. Nor do we grant Banks' motion to strike the Government's motions.

We will, however, affirm the District Court's order. See L.A.R. 27.4; I.O.P. 10.6. Upon review, we conclude, as the District Court did, that the Bankruptcy Court did not err in denying Banks' motion to convert because he did not pay the required fee. A debtor who wishes to convert his bankruptcy action from one under Chapter 7 to one under Chapter must pay the difference of the fees for filing under Chapter 7 and Chapter 11. See 28 U.S.C. § 1930(a)(7). Banks has not disputed that he did not pay the fee. Furthermore, the alternative grounds for the Bankruptcy Court's decision appear sound. Given Banks' imprisonment and lack of regular income, conversion would have been futile – Banks would not be able to propose a feasible plan. See In re Lilley, 29 B.R. 442 (1st Cir. B.A.P. 1983). Moreover, despite his argument that he wished to convert his bankruptcy action so as to bring claims for the benefit of his creditors, Banks has

6

demonstrated a desire to abuse the bankruptcy process to bring claims for post-petition events against victims and witnesses of crimes for which the United States prosecuted him. See In re Young, 269 B.R. 816, 824 (W.D. Mo. Bankr. 2001) (summarizing other cases for the proposition that a bankruptcy court has discretion to disallow conversion under extreme circumstances, such as abuse of the bankruptcy process or bad faith).

Although the District Court declined to explicitly consider whether the Bankruptcy Court properly dismissed Banks' adversary complaint in the other order of March 8, 2006, we affirm the District Court's order dismissing that aspect of Banks' appeal. Banks may have waived the issue. Although he included his appeal from the order dismissing the adversary complaint in the statement of issues on appeal that he filed in the District Court with his notice of appeal, he did not include the issue in the appellate brief that he filed in the District Court.

Even if Banks did not waive the issue, the District Court did not err in rejecting Banks' appeal from the Bankruptcy Court's order. The Bankruptcy Court did not err in concluding that Banks' claims were barred by res judicata. Res judicata "gives dispositive effect to a prior judgment if a prior issue, although not litigated, could have been raised in the earlier proceeding." CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999) (citation omitted). Banks not only could have raised his claims against Moore and Protium Recordings in the action instituted by Moore d/b/a Protium Recordings, but he also was required to raise them as compulsory counterclaims under

7

Rule 13 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 13(a) ("A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party . . . ."); Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 389-91 (defining "compulsory counterclaims" and "opposing parties"). Having not raised his claims in the earlier action, Banks could not litigate them in his adversary complaint. See New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 879 (5th Cir. 1998); see also Randolph v. Lipscher, 641 F. Supp. 767, 775 (D.N.J. 1986) (holding that the doctrine of res judicata "contemplates that when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation") (citation omitted).

For the reasons stated above, we conclude that the Bankruptcy Court did not err in dismissing Banks' adversary action and denying Banks' motion to convert. Accordingly, we will affirm the District Court's order.