

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-19-2007

# In Re: Banks

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1909

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Banks " (2007). *2007 Decisions.* Paper 1762.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1762

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-96                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1909

_____

IN RE: FREDERICK H. BANKS,
                        Debtor

FREDERICK H. BANKS,
                        Appellant

v.

JOHN MOORE, Protium Recordings

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 05-cv-01064)
District Judge: Honorable Joy Flowers Conti

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 11, 2007

_____

Before: BARRY, AMBRO AND FISHER, CIRCUIT JUDGES

(Filed: January 19, 2007 )

_____

OPINION

_____

PER CURIAM

On November 1, 2001, Frederick H. Banks filed for bankruptcy protection under

Chapter 7 of the Bankruptcy Code. The appointed trustee in bankruptcy filed a report of no assets.

On February 8, 2002, John Moore t/d/b/a Protium Recordings filed an adversary action in the Bankruptcy Court to determine the dischargeability of a debt owed to him by Banks. The debt related to a July 12, 2001 agreement for the manufacture, distribution, and retail promotion of a music CD. Banks did not appear for trial. In an order entered December 30, 2004, the Bankruptcy Court entered judgment in favor of Moore. The Bankruptcy Court held that Banks' debt to Moore was non-dischargeable because of Banks' defalcation while acting in a fiduciary capacity and embezzlement, see 11 U.S.C. § 523(a)(4), and because of the willful and malicious injury that Banks had caused, see id. at § 523(a)(6). The Bankruptcy Court also granted Moore relief from the automatic stay to recover the debt from Banks.

Banks appealed, claiming that his right to due process of law was violated because the Bankruptcy Court allowed his counsel to withdraw, rescheduled the trial without notice to him, and entered judgment in Moore's favor in Banks' absence. The District Court affirmed the Bankruptcy Court's order. Banks then appealed to us. For reasons stated elsewhere, we concluded that his appeal had no arguable basis in fact or law. See In re Banks, No. 06-1828, slip. op. at 4-5 (3d Cir. Oct. 3, 2006) (non-precedential opinion).

In 2005, Banks filed many adversary actions, including one against Moore and

2

Protium Recordings relating to the July 12, 2001 agreement described in broad terms above. In the main bankruptcy action, he also filed a motion to convert his Chapter 7 bankruptcy into a Chapter 11 bankruptcy, claiming that his previous counsel had withdrawn from his case without notice and without listing Banks' assets in the bankruptcy schedules.

On June 23, 2005, the Bankruptcy Court denied Banks' motion to convert on numerous grounds, including Banks' failure to pay the conversion fee. Also on June 23, 2005, after issuing an order to show cause why the adversary action should not be dismissed and then holding a hearing, the Bankruptcy Court dismissed Banks' action against Moore and Protium Recordings with prejudice. The Bankruptcy Court held that Banks' causes of action were barred under principles of res judicata because they were compulsory counterclaims that Banks had failed to raise in the adversary action instituted by Moore, and accordingly dismissed Banks' adversary complaint under Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Bankruptcy Court also held that dismissal was appropriate because Banks' causes of action arose pre-petition, belonged to the bankruptcy estate, and must be pursued by the bankruptcy trustee, whom Banks had failed to name. The Bankruptcy Court noted that Banks' attempt to pursue the action on his own under the auspices of Chapter 11 of the Bankruptcy Code would not work, because the Bankruptcy Court had, that day, already denied Banks' motion to convert.

3

Banks appealed from the Bankruptcy Court's orders of June 23, 2005. In his statement of issues on appeal, cross-filed in two District Court appeals, Banks raised the questions (1) whether the Bankruptcy Court erred in dismissing his adversary complaint sua sponte and (2) whether the Bankruptcy Court erred in denying his conversion motion. In the District Court case related to this appeal of the res judicata determination, Banks did not specifically dispute the res judicata holding. In his appellate brief, he argued that he should be permitted to pursue his claims against Moore and Protium Recordings because his right to due process was violated by the ruling in favor of Moore in Moore's suit against Banks and by the order disallowing conversion in his main bankruptcy action. Concluding that Banks' action against Moore was barred by principles of res judicata, and that Banks did not have standing to bring the claims in any event (as the claims belonged to the bankruptcy estate and could be pursued only by the trustee in bankruptcy), the District Court ruled against Banks. Banks appeals.

The District Court had jurisdiction to review the Bankruptcy Court's order pursuant to 28 U.S.C. § 158(a), and we have jurisdiction to review the District Court's order under 28 U.S.C. §§ 158(d) & 1291. We exercise the same standard of review as the District Court, subjecting the Bankruptcy Court's legal determinations to plenary review and reviewing its factual findings for clear error. See In re United Healthcare Sys., 396 F.3d 247, 249 (3d Cir. 2005).

We will affirm the District Court's order. See L.A.R. 27.4; I.O.P. 10.6. Banks'

4

claims of due process violations are foreclosed by our decisions in Banks' other appeals. See In re Banks, No. 06-1898, slip op. at 6-7 (3d Cir. Jan. 5, 2007) (non-precedential opinion) (holding that the Bankruptcy Court did not err in denying Banks' motion to convert because, among other things, Banks did not pay the required fee); In re Banks, No. 06-1828, slip. op. at 4-5 (holding that the Bankruptcy Court did not violate Banks' right to due process by entering judgment in his absence).  Similarly, we refer the parties to the discussions in those cases for a refutation of any other claims of error relating to the judgment in favor of Moore and the order denying the motion to convert.  However, for the convenience of the parties, we will repeat the analysis most relevant to the res judicata issue on appeal.

The District Court did not err in rejecting Banks' appeal from the Bankruptcy Court's order holding that Banks' claims were barred by res judicata.  Res judicata "gives dispositive effect to a prior judgment if a prior issue, although not litigated, could have been raised in the earlier proceeding."  CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999) (citation omitted).  Banks not only could have raised his claims against Moore and Protium Recordings in the action instituted by Moore d/b/a Protium Recordings, but he also was required to raise them as compulsory counterclaims under Rule 13 of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 13(a) ("A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party . . . ."); Transamerica Occidental Life Ins. Co. v.

5

Aviation Office of Am., Inc., 292 F.3d 384, 389-91 (defining "compulsory counterclaims" and "opposing parties"). Having not raised his claims in the earlier action, Banks could not litigate them in his adversary complaint. See New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 879 (5th Cir. 1998); see also Randolph v. Lipscher, 641 F. Supp. 767, 775 (D.N.J. 1986) (holding that the doctrine of res judicata "contemplates that when a controversy between parties is once fairly litigated and determined it is no longer open to relitigation") (citation omitted).

For the reasons given here and elsewhere, we conclude that the Bankruptcy Court did not err in dismissing Banks' adversary action. Accordingly, we will affirm the District Court's order.