**In re Alan SAFADI, Debtor.**

**Constantino Flores, Plaintiff,**

v.

**Hassan Safadi and Michelle Al Safadi, Defendants.**

**Bankruptcy No. 2:08–bk–12271–RJH.**
**Adversary No. 2:09–ap–01347–RJH.**

United States Bankruptcy Court, D. Arizona.

April 28, 2010.

Christopher James Dutkiewicz, Law Office of Chris Dutkiewicz, P.C., Gilbert, AZ, Debtor and Defendants.

Kevin McCoy, Allen, Sala & Bayne, PLC, Phoenix, AZ, for Plaintiff.

## OPINION

RANDOLPH J. HAINES, Bankruptcy Judge.

Can a Defendant in an adversary proceeding demonstrate lack of service by mail by proving that he was out of town from the time the mail arrived until after the answer deadline? The Court concludes actual receipt of service is not required for service pursuant to Bankruptcy Rule 7004(b)(1).

## Factual and Procedural Background

Prior to Debtor's bankruptcy, Mr. Hassan Safadi ("Hassan") acted as an agent for his parents, Nidida and Abdul Safadi ("Safadi Parents"), who are residents of Syria and also the parents of the Debtor, Alan Safadi ("Alan"). Hassan was charged with documenting and collecting the various loans that were made by the Safadi Parents to Alan. Alan had borrowed substantial sums from his parents, including loans of $175,000 on March 3, 2000, $136,000 on January 20, 2003, and $159,000 on February 11, 2005.

On or about February 15, 2007, nineteen months before Alan filed bankruptcy, Alan paid $210,000 to the Safadi Parents in what he claims was partial repayment of his indebtedness to their parents. The payment was made to Hassan because he served as the executor of the Safadi Parent's finances in the United States. In August, 2007, Alan paid another $200,000 to Hassan.

Prior to the commencement of this adversary proceeding, Hassan was deposed by the Trustee. Hassan admitted that he received no less than $410,000 from Alan, for no consideration from Hassan. Hassan further testified that he transferred at least $110,000 of those funds to Michelle Al Safadi ("Michelle"), the Debtor's daughter, to assist her in buying a home. Hassan contends that the payments were in satisfaction, or at least in partial satisfaction, of one of three promissory notes signed by Alan with the Safadi Parents, and that Hassan held the debtor's payments in trust for the Safadi Parents, and made transfers to Michelle at their direction.

The Trustee filed this adversary proceeding against Hassan and Michelle, con-

tending that the transfers by Alan to Hassan and Michelle may be avoided as either actual or constructive fraudulent transfers. The complaint alleges that Alan had been fighting no less than four creditors, including the angry parents of a former girlfriend who were owed approximately $700,000, when he decided to transfer $410,000 to Hassan. The $410,000 constituted almost all of Alan's assets at the time.

When the Trustee commenced this adversary proceeding he served Hassan with the summons and complaint by first class mail, pursuant to Bankruptcy Rule 7004(b)(1), on October 19, 2009. The Trustee also served co-defendant Michelle (the debtor's daughter and Hassan's niece) by first class mail. Service by mail was made to Hassan's home address in Arizona and Michelle's home address in Arlington, Texas. The Trustee filed a Certificate of Service of the summons and complaint with the court on October 30, 2009.

More than 30 days passed from the date the Clerk of the Court issued the summons, and neither Hassan nor Michelle filed an answer or other responsive pleading. The Trustee applied for Entry of Default on November 24 and for entry of default judgment on November 25, 2009. Upon the entry of a default judgment against Hassan and Michelle, the Trustee proceeded with supplemental proceedings, including writs of garnishments for non-earnings, in an attempt to execute upon the default judgment. Despite having a writ of garnishment executed against his bank account, Hassan never objected to the garnishments or took any action to set aside the default judgment until February 18, 2010.

In his motion to set aside the judgment, Hassan alleges that he was away from home and outside the State of Arizona, traveling to Arlington, Texas and then to Chicago, Illinois for the purpose of visiting family and friends. When Hassan returned to Arizona at the end of November, he claims he learned for the first time that he had received the summons, complaint and application for default by mail.

Hassan does not deny that he received a copy of the summons and complaint. Instead, he asserts that he did not receive the copy of the summons and complaint until after he returned home from traveling for approximately forty days. Hassan does not dispute that the summons and complaint were served by the Trustee to his place of abode or that they were delivered in a timely manner. Hassan never made arrangements to have his mail forwarded to another address, nor did Hassan permit someone else to collect and review his mail during his trip. Hassan admits being in Arlington, Texas visiting his niece and co-defendant at the time the Trustee mailed the summons and complaint to both Defendants, but claims Michelle never mentioned to him that she had been served with the summons and complaint.

After briefing, the Court heard oral argument on Hassan's motion to set aside the default judgment and took the matter under advisement.

### Analysis

Federal Rules of Bankruptcy Procedure permit service by first-class mail upon a defendant by mailing a copy of the summons and complaint addressed to the defendant's dwelling house or usual place of abode. Fed. R. Bankr.P. 7004(b)(1). The plain language of Rule 7004(b)(1) indicates that service is complete upon such mailing. There is no requirement that the summons and complaint actually be received.

In *Peralta*,[1] the Ninth Circuit Bankruptcy Appellate Panel concluded that the mailing of a properly addressed and stamped item creates a rebuttable presumption that the addressee received it. This is consistent with an earlier opinion from the Ninth Circuit BAP that held a certificate of mailing raises the presumption that the documents sent were properly mailed and received.[2] Hassan argues from these cases that because there is only a presumption of receipt, he can rebut the presumption by evidence of his absence from his dwelling place and evidence that he did not actually know about the summons and complaint until after the default judgment had been entered.

But Rule 7004(b)(1) does not require receipt, only mailing, for service to be effective. Although there are few cases on point (probably because service by mail is relatively rare under state or federal rules of procedure), the Seventh Circuit has read and applied a similar rule authorizing service by first class mail to require only mailing to the correct address, not actual receipt.[3] In *Vincze*, the Seventh Circuit upheld a default judgment against Debtors who failed to answer an adversary complaint filed by one of their creditors. The Debtors moved to vacate the judgment due to insufficiency of service because they were out of the country when the summons and complaint were mailed to them. The court concluded "[t]he issue raised by the appeal is whether service of process under Federal Rule of Bankruptcy Procedure 7004(b)(9) requires that the intended recipients of a summons and complaint actually receive the mailed documents. We join the few courts that have considered this issue in concluding that service in such cases is valid and effective as long as the required documents are mailed to the address last listed by the debtor on documents filed with the court."[4]

The Seventh Circuit's interpretation of the Bankruptcy Rule provisions for service by first class mail is correct, and this court therefore follows it. Hassan admits the address to which the summons was mailed was his dwelling place and, indeed, that the summons and complaint were actually received there. So whether or not the Debtor actually received notice is irrelevant under Bankruptcy Rule 7004(b)(1) here, just as it was irrelevant under Bankruptcy Rule 7004(b)(9) in *Vincze*.

The Seventh Circuit also noted that "the Vinczes [Debtors] 'disabled themselves' by failing to 'put themselves in a posture' where they could actually receive the mail that was sent to their address."[5] It is similarly clear here that Hassan failed to put himself in a posture where he could actually receive the mail that was sent to his address.

And the Ninth Circuit BAP has held that "[m]ailing a notice by first class mail to a party's last known address is sufficient to satisfy due process."[6]

---

1. *Morris v. Peralta (In re Peralta)*, 317 B.R. 381, 386 (9th Cir.BAP2004), citing *Moody v. Bucknum (In re Bucknum)*, 951 F.2d 204, 207 (9th Cir.1991).

2. *Peralta*, 317 B.R. at 386 citing *Cossio v. Cate (In re Cossio)*, 163 B.R. 150, 155 (9th Cir. BAP 1994), aff'd mem., 56 F.3d 70, 1995 WL 266890 (9th Cir.1995).

3. *In re Vincze*, 230 F.3d 297, 298 (7th Cir. 2000) (per curiam).

4. *Id.*

5. *Id.* citing the ruling of the District Court.

6. *DeVore v. Marshack (In re DeVore)*, 223 B.R. 193, 196 (9th Cir. BAP 1998), citing *In re Eagle Bus Mfg., Inc.*, 62 F.3d 730, 736 (5th Cir.1995).

*Peralta* was concerned with resolving the issue of whether or not the defendant's actions were a willful violation of the automatic stay, which hinged on whether the defendant had actual knowledge of a bankruptcy case. The negative implication from *Peralta* that Hassan urges is irrelevant here because actual knowledge is not required for sufficient service, and *Peralta* was not concerned with Rule 7004 or sufficiency of service. Even if the *Peralta* opinion had suggested that knowledge would be required for sufficient service that would be dictum, since the issue presented in *Peralta* was not whether service was proper, but whether defendants had sufficient knowledge to render their stay violations willful. Even if the defendant in *Peralta* had been properly served he might have avoided a finding of willfulness by demonstrating lack of actual knowledge.

■ Because service was proper, Hassan's absence from home for 40 days does not require the default judgment be vacated. In addition, Hassan fails to satisfy at least two of the requirements for vacating a judgment under Rule 60, incorporated by Bankruptcy Rule 9024.

■ This court is well aware of the judicial maxim that cases should be tried on the merits whenever possible and that Rule 60(b) is remedial in nature and should be applied liberally.[7] But to grant a motion pursuant to Rule 60(b), the court must weigh the following three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff.[8] The party seeking relief from a default judgment bears the burden of demonstrating that these factors militate in favor of vacating the judgment.[9]

■ The concept of the defendant's "culpability" is effectively the flip side of the Supreme Court's definition of "excusable neglect" in the context of retroactive extensions of time under rules of procedure.[10] The embedded concept of excusable neglect is equitable and entails such considerations as "whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[11]

The Ninth Circuit has held that the burden of proof is on the movant.[12] In *Peralta*, the court held that the defendant's conduct did not establish that he was free of neglect or that his actions were excusable because he was having trouble receiving his mail. The defendant there claimed he was not receiving all of his mail at his address. Although Hassan does not claim trouble receiving his mail on a consistent basis, Hassan's claim that he did not receive his mail in a timely fashion is consistent with what the defendant argued in *Peralta*. This court agrees with the *Peralta* court's conclusion that this argument does not carry the movant's burden of demonstrating lack of culpability. Hassan's motion fails to satisfy the first prong of the three-part test of Rule 60(b).

7. *In re Peralta*, 317 B.R. at 388.

8. *Id.* citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695–96 (9th Cir.2001); *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

9. *TCI*, 244 F.3d at 696; *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir.1988).

10. *TCI*, 244 F.3d at 696.

11. *In re Peralta*, 317 B.R. at 388 citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (Fed. R. Bankr.P. 9006).

12. *In re Peralta*, 317 B.R. at 388.

Even if the court believed Hassan met the first factor of the three-part test, Hassan does not meet the third and final element of the Rule 60(b) requirements. Hassan's motion to vacate was not filed within a reasonable time under the circumstances and the delay would prejudice the Plaintiff. Hassan waited almost three months after he claims to have actually received the summons and complaint to take any action to respond to the summons, complaint and default judgment. During this time, the Trustee actively sought to execute on that judgment and has executed writs of garnishments for non-earnings on various bank accounts. The Plaintiff would be prejudiced because the Plaintiff has incurred expenses and spent significant time attempting to enforce a valid default judgment. Because Hassan did not respond in a timely manner to the summons and complaint after he admittedly had knowledge of them, and because Hassan's motion, if granted, would prejudice the Plaintiff, Hassan also fails the third prongs of the Rule 60(b) factor test.

### Conclusion

Hassan was properly served when the summons and complaint were mailed in accordance with Bankruptcy Rule 7004(b)(1). Hassan is not entitled to relief under Rule 60(b) because he fails the first and third prongs of the three-part test.

The motion to vacate the default judgment must therefore be denied.